UNITED STATES of America,
Plaintiff–Appellee,

v.

Eulibes L. CRUZ, Defendant–Appellant.

No. 03–5346.

United States Court of Appeals,
Sixth Circuit.

June 15, 2004.

Tracy L. Berry, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellee.

J. Patten Brown, III, Asst. F.P. Defender, Office of the Federal Public Defender, Memphis, TN, for Defendant–Appellant.

* The Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit,

Eulibes L. Cruz, Forrest City, AR, pro se.

Before: SILER, MOORE, and BALDOCK,* Circuit Judges.

## ORDER

Eulibes L. Cruz appeals his sentence of imprisonment. The government expressly waives oral argument. Cruz waives oral argument by virtue of not responding to this court's letter requiring him to show cause why oral argument is necessary. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A jury found Cruz guilty of kidnapping his estranged wife, Lisa Cruz, and a minor child (Cruz's step-son Jordan Hernandez) in violation of 18 U.S.C. § 1201(a), and committing interstate domestic violence against Lisa Cruz in violation of 18 U.S.C. § 2261(a)(2).

At sentencing, Cruz objected to the application of USSG § 2A4.1(b)(7)(B) in determining his offense level. Cruz also challenged the imposition of the vulnerable victim enhancement found at § 3A1.1 and moved the district court to depart downward from the guideline range. The district court overruled Cruz's objections, denied his motion for a downward departure, and sentenced him to 108 months of imprisonment.

On appeal, Cruz reasserts the arguments set forth in the district court.

We review a district court's factual findings underlying a sentencing decision for clear error and give due deference to the district court's application of a sentencing guideline to a factual situation. *United States v. Ennenga*, 263 F.3d 499, 502 (6th

sitting by designation.

Cir.2001) (citing *Buford v. United States,* 532 U.S. 59, 66, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001)). We conduct a de novo review where a matter presents strictly a question of law concerning the application of the guidelines. *See United States v. Canestraro,* 282 F.3d 427, 431 (6th Cir.2002). However, the more fact bound the application inquiry, the more deferential the standard of review. *See United States v. Jackson–Randolph,* 282 F.3d 369, 389 (6th Cir.2002); *United States v. Humphrey,* 279 F.3d 372, 379 n. 4 (6th Cir.2002).

■ Upon review, we conclude that the district court did not err. Cruz contends that the district court erred in applying USSG § 2A4.1(b)(7)(B) to his offenses for committing interstate domestic violence against, and the kidnapping of, Lisa Cruz. Cruz argues that if the offenses of kidnapping and interstate domestic violence against Lisa Cruz constitute a "single offense" by virtue of being grouped under USSG § 3D1.2(a), as was the case herein, interstate violence cannot be "another offense" for purposes of USSG § 2A4.1(b)(7)(B). Cruz's argument is not well-taken. *See United States v. Cree,* 166 F.3d 1270, 1271 (8th Cir.1999). Lisa Cruz was kidnapped during the commission of and in connection with the interstate domestic violence. In determining Cruz's sentence, the district court properly grouped the offenses set forth in counts one and two of the indictment, both of which involved Lisa Cruz as the victim, pursuant to § 3D1.2(a). Next, the district court properly applied the offense section appropriate for the offense which was committed during the kidnapping because it was the higher offense level. *See id.* The district court applied the adjusted offense level for interstate domestic violence with the four-level enhancement from § 2A4.1(b)(7)(B) because it was greater than the adjusted offense level for kidnapping. The district court did not err.

■ Cruz's second contention is meritless. Cruz argues that the district court erred in finding that Jordan Hernandez was a vulnerable victim under the sentencing guidelines. Section 3A1.1(b)(1) of the Guidelines Manual provides that if the defendant knew or should have known that a victim of the offense was a vulnerable victim, the sentencing calculation should be increased by 2 levels. USSG § 3A1.1(b)(1). A "vulnerable victim" is a person: (A) who is a victim of the offense of conviction and any conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct); and (B) who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct. USSG § 3A1.1, comment. (n.2). Lisa Cruz's son, Jordan Hernandez, was seven years old when Cruz kidnapped him and his mother. Jordan Hernandez qualifies as a vulnerable victim because of his age, because of his proximity to his mother, and because he was used as a tool to ensure Lisa Cruz's compliance. *See United States v. Castaneda,* 239 F.3d 978, 980 (9th Cir.2001). The district court's factual findings with respect to the vulnerable victim are not clearly erroneous.

■ Finally, Cruz argues that the district court erred in declining to grant him a downward sentencing departure. Cruz's argument is meritless because the district court's decision declining to grant Cruz a downward departure is not cognizable on appeal. At sentencing, defense counsel and the court discussed a motion counsel often filed for a downward departure for persons subject to deportation. The district court asked clarifying questions with regard to the motion to depart as well as Cruz's immigration status and denied the motion for departure. A district court's failure to depart downward is not cognizable on appeal when the guideline range is properly computed, the court is aware of its discretion to depart downward, and the

sentence does not violate the guidelines or federal law. *United States v. Moore,* 225 F.3d 637, 643 (6th Cir.2000); *United States v. Pickett,* 941 F.2d 411, 417 (6th Cir.1991). In the absence of ambiguous statements by the district court concerning its discretion, there is a presumption that the court was aware of the law it was called upon to apply, *United States v. Russell,* 870 F.2d 18, 20 (1st Cir.1989), and it should be assumed that the court, in the exercise of its discretion, found the downward departure unwarranted. *See United States v. Byrd,* 53 F.3d 144, 145 (6th Cir.1995). Nothing in the record suggests that the district court incorrectly believed that it could not exercise its discretion to depart under the guidelines. This court lacks jurisdiction to review this issue. *See Moore,* 225 F.3d at 643.

Accordingly, we affirm the district court's judgment.