RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 06a0319p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

    *Plaintiff-Appellee,*

*v.*

No. 05-6746

>

EULIBES L. CRUZ,

    *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 02-20146—Samuel H. Mays, Jr., District Judge.

Submitted: August 9, 2006

Decided and Filed: August 25, 2006

Before: MOORE and SUTTON, Circuit Judges; KATZ, District Judge.[*]

---

## COUNSEL

**ON BRIEF:** J. Patten Brown III, OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF TENNESSEE, Memphis, Tennessee, for Appellant. Camille R. McMullen, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee.

---

## OPINION

---

    SUTTON, Circuit Judge. Eulibes Cruz challenges his 108-month sentence for one count of interstate domestic violence and two counts of kidnaping on the ground that the district court described its objective as issuing a sentence that was "reasonable." Because the district judge correctly calculated the guidelines range, adequately considered the § 3553(a) factors and permissibly exercised his independent judgment in sentencing Cruz, any error in describing the sentencing process in this manner was harmless. We affirm.

I.

    On March 28, 2002, hoping to reconcile with his estranged wife, Eulibes Cruz left his home in Tennessee and traveled to Texas where his wife and her son from a previous marriage lived.

---

[*]The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

Without warning, Cruz approached his wife while she was at work and tried to persuade her to return to Tennessee with him. Mrs. Cruz managed to avoid answering his question at that point, and, after leaving work, she called the police. Though the police searched for Cruz throughout the evening, they failed to find him.

The next day, Cruz surprised his wife again—this time as she was leaving a grocery store with her seven-year-old son. Cruz told her that he needed a ride to get his belongings so that he could return to Tennessee, and as she got in her car he put "his arm around [her] neck" while holding a knife. JA 107. He threatened that "he would kill [her]," and turned the knife towards her son promising to hurt the boy if she did not cooperate. JA 110. Once in the car, Cruz drove his wife and her son to Tennessee where the police (waiting for Cruz at his home) arrested him.

On October 18, 2002, a jury found Cruz guilty of one count of interstate domestic violence, *see* 18 U.S.C. § 2261, and two counts of kidnaping, *see id*. § 1201. The district court calculated a 97–121 month range under the sentencing guidelines and sentenced Cruz to 108 months' imprisonment. Our court affirmed the sentence. *See United States v. Cruz*, 101 Fed. Appx. 612 (6th Cir. 2004). In the aftermath of *United States v. Booker*, 543 U.S. 220 (2005), we granted Cruz's petition for rehearing and remanded for resentencing. After holding a second sentencing hearing, the district judge imposed the same sentence: 108 months.

II.

After more than a year and a half of applying *Booker*, some kinks remain but the ground rules for reviewing criminal sentences are becoming increasingly familiar. We review a sentence for reasonableness. *United States v. Williams*, 436 F.3d 706, 707 (6th Cir. 2006). A sentencing judge must appreciate the advisory nature of the guidelines, must calculate the guidelines' recommendation correctly and must consider the § 3553(a) factors in exercising her independent judgment about what sentence to impose, *United States v. McBride*, 434 F.3d 470, 476 (6th Cir. 2006), though "[s]uch consideration, . . . need not be evidenced explicitly" in some mechanical form, *Williams*, 436 F.3d at 708. We give a properly calculated sentence within the guidelines, in which the district judge adequately considered the § 3553(a) factors, a "rebuttable presumption of reasonableness." *Id.*

In this instance, Cruz does not challenge the district judge's appreciation of the advisory nature of the guidelines, the judge's calculation of the guidelines' recommended sentence, the judge's consideration of the § 3553(a) factors or the fact that such a sentence is entitled to a rebuttable presumption of reasonableness. What bothers Cruz is that the district judge observed that the sentence he was imposing was a "reasonable" one, an observation that Cruz claims entitles him to a third sentencing hearing.

In one sense Cruz is right. "[A] district court's job is not to impose a reasonable sentence"; it "is to impose a sentence sufficient, but not greater than necessary to comply with the purposes of section 3553(a)(2)," *United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006) (internal quotation marks omitted), and reasonableness represents the standard of appellate review, not the standard by which a district court imposes a sentence. But in another sense, he is wrong. Merely by saying that the sentence he wishes to impose is "reasonable," a district judge does not necessarily commit reversible error.

During Cruz's second sentencing hearing, the district court used the word "reasonable" three times in describing the sentencing process. *See* JA 41–42 ("And of course, the Guideline calculations are just *one step* toward reaching a sentence that is *reasonable. . . .* The question is, what is *reasonable*. That is what *Booker* says. The Guidelines aren't mandatory any more. The Court has the discretion to sentence anywhere within the statute.") (emphasis added); JA 43 ("In

looking at what a *reasonable* sentence would be in this case, the first question is, what is the nature . . . and circumstances of the offense, how serious is it?"). While Cruz correctly notes that "reasonableness" represents the appellate standard of review, not the standard by which district judges exercise their independent judgment in applying the non-mandatory guidelines, the mistake (an understandable one in the immediate aftermath of *Booker*) does not rise to the level of reversible error.

Our court, like other courts of appeals, has developed several procedural requirements for complying with *Booker*. Yet these procedural rules do not all rest on the same plane. Consider the difference between a district judge who imposes a "reasonable sentence" and one who imposes a sentence in accordance with "mandatory guidelines." Both sentences contain procedural errors but they assuredly are not of the same magnitude. The latter error rarely will escape reversal while the former error, we recently held, does "not necessarily imply a reversible sentencing error." *United States v. Davis*, No. 05-6259, — F.3d —, 2006 WL 2346309, at *4 (6th Cir. Aug. 15, 2006).

During the sentencing hearing in *Davis*, the district court on six occasions described its objective as imposing a "reasonable" sentence. *Id*. at *2–3. On appeal, we agreed that this view of the district court's post-*Booker* sentencing task was mistaken. *Id*. at *3. But we nonetheless upheld the sentence given that the court had satisfied the other procedural requirements of post-*Booker* sentencing and "[g]iven our repeated admonition that the focus of sentencing 'is on substance rather than form' and . . . does not require any particular 'magic words.'" *Id*. at *5 (quoting *United States v. Vonner*, 452 F.3d 560, 568 & n.4 (6th Cir. 2006)).

A similar conclusion applies here. The district judge's thorough consideration of the § 3553(a) factors in this case confirms that he did not take his eye off the central sentencing considerations before him. As Cruz concedes, he accurately calculated the guidelines' sentencing range and recognized that the range represented a recommendation, not a requirement. In looking at "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), the judge noted that "Mr. Cruz doesn't have a history of violence outside his family," but that "[w]ithin his family, he seems to have . . . engaged in some level of violence and intimidation, at least to create an atmosphere of fear," JA 44. He also found that the offense was "extremely serious," JA 43, because it involved "the use of force against Mr. Cruz's wife and stepson, who was then seven years old," and included "[c]rossing the state line in the course of a crime of violence," "assault with a knife" and "threats on the life of Ms. Cruz and her child," JA 44.

The judge considered the need "to afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B), recognizing that the sentence ought "to provide an adequate deterrence to others who might be inclined to engage in kidnaping or interstate domestic violence," JA 44. The judge discussed the need "to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2)(C), by imposing a sentence that would "deter Mr. Cruz from engaging in that crime," JA 44. At the same time, the judge tried "to provide the defendant with needed . . . correctional treatment in the most effective manner," 18 U.S.C. § 3553(a)(2)(D), by choosing a sentence that could "provide him with rehabilitation," JA 44. And the judge acknowledged "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), and imposed a sentence that he believed would "avoid" that pitfall, JA 44–45.

On this record, the district court's use of the word "reasonable" in describing the sentence he wished to impose did not eclipse his thorough application of the § 3553(a) factors and his exercise of independent judgment. While we agree with the defendant that the district court should have described its duty as imposing "a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)," 18 U.S.C. § 3553(a), we cannot agree with him that the court's reference to imposing a "reasonable" sentence under the § 3553(a) factors, as opposed

to say an "appropriate," "sensible," or "fair" sentence under those factors, warrants a third sentencing hearing.  As *Davis* makes clear, a trial court's invocation of the word "reasonable" does not invariably plant the seeds of reversible error, and in this instance any error in describing the sentencing process in this way was harmless.

## III.

For these reasons, we affirm.