**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0829n.06
Filed: November 14, 2006

**No. 05-6451**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| DETROIT BOYD, | ) | **O P I N I O N** |
| | ) | |
| Defendant-Appellant. | ) | |

**BEFORE:**   **DAUGHTREY and McKEAGUE, Circuit Judges; and REEVES, District Judge.**[*]

   **McKEAGUE, Circuit Judge.**  With its decision in *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court altered the federal sentencing landscape.  Federal district courts must now treat the United States Sentencing Guidelines (the "Guidelines") as advisory, not mandatory, and must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of 18 U.S.C. § 3553(a)(2).   Federal appellate courts, meanwhile, review sentences under a "reasonableness" standard of review.

   On his appeal from his sentence for felony possession, Detroit Boyd argues that the district court confused the different roles of sentencing and appellate courts, and simply looked to whether

---

[*]The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

a sentence within the advisory Guidelines range would be reasonable. For the reasons set forth

below, we affirm his sentence.

**I.**

On March 11, 2003, a jury convicted Boyd of being a felon in possession of a firearm in

violation of 18 U.S.C. § 922(g). The district court sentenced Boyd to 120 months of imprisonment

(the statutory maximum) and three years of supervised release. On appeal, a panel of this court

reversed and remanded for resentencing because the district court had sentenced Boyd under a

mandatory-Guidelines scheme, in violation of *Booker*. *United States v. Boyd*, No. 03-6127, slip op.

at 2 (6th Cir. June 9, 2005). On remand, the district court held another sentencing hearing, at the

conclusion of which it imposed the same amount of imprisonment and supervised release.

This timely appeal followed.

**II.**

As noted above, we review Boyd's sentence for reasonableness. *United States v. Cruz*, 461

F.3d 752, 754 (6th Cir. 2006). We afford a sentence within a properly calculated Guidelines range

with a rebuttable presumption of reasonableness. *Id*. In contrast, in its role at sentencing, the district

court

> must appreciate the advisory nature of the [G]uidelines, must calculate the
> [G]uidelines' recommendation correctly and must consider the § 3553(a) factors in
> exercising [its] independent judgment about what sentence to impose, *United States
> v. McBride*, 434 F.3d 470, 476 (6th Cir. 2006), though "[s]uch consideration, . . .

> need not be evidenced explicitly" in some mechanical form, [*United States v.*] *Williams*, 436 F.3d [706,] 708 [(6th Cir. 2006)].

*Id.*

Boyd challenges neither the district court's understanding of the advisory nature of the Guidelines, its Guidelines range calculation, nor any particular part of the district court's weighing of the various § 3553(a) factors. Rather, Boyd claims that the district court labored under the erroneous legal perception that it had to impose what it believed to be a "reasonable" sentence in light of the sentencing factors.

Upon review of the record, we find no reversible error. Initially, we note that Boyd's sentence fell within the calculated Guidelines range (100-125 months, truncated to a statutory maximum of 120 months), and is therefore presumptively reasonable. During the sentencing hearing, the district court spent considerable time going through the relevant sentencing factors, including: (a) the advisory Guidelines range (§ 3553(a)(4)(A)); (b) the nature and circumstances of the offense (§ 3553(a)(1)); (c) Boyd's extensive criminal history (§ 3553(a)(1)); (d) his mental problems and the need for treatment (§ 3553(a)(2)(D)); and (e) the court's duty to protect the public (§ 3553(a)(2)(C)). In the end, the district court placed considerable weight on Boyd's long criminal history and his need for supervised mental health treatment in sentencing him to ten years' imprisonment. The district court's comprehensive analysis of the sentencing factors "certainly allows for intelligent appellate review." *United States v. Davis*, 458 F.3d 505, 510 (6th Cir. 2006) (citations omitted).

Boyd correctly points out, however, that the district court went on to state at the end of the hearing that the sentence was "reasonable." Of course, as explained above, "a district court's job is not to impose a 'reasonable' sentence" but rather "to impose 'a sentence sufficient, but not greater than necessary, to comply with the purposes' of section 3553(a)(2)." *United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006). Yet, "[m]erely by saying that the sentence he wishes to impose is 'reasonable,' a district judge does not necessarily commit reversible error." *Cruz*, 461 F.3d at 754; *cf. United States v. Cage*, 458 F.3d 537, 541 (6th Cir. 2006) ("We decline to conclude that by using the term 'reasonable' or by acknowledging that the appellate court will apply a rebuttable presumption of reasonableness to a sentence, the district court is itself applying that presumption."). The district judge here "did not take his eye off the central sentencing considerations before him," *Cruz*, 461 F.3d at 755 – i.e., the relevant § 3553(a) sentencing factors, including a properly calculated Guidelines range. The district court's sole reference to its belief that the sentence was "reasonable" was, at most, a minor procedural error. *See id.* at 755-56. As this technical error did not affect the district court's application of the sentencing factors or the exercise of its independent judgment, it was harmless.

## III.

Accordingly, we affirm Boyd's sentence.