NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0168n.06
Filed: March 1, 2007

Case No. 05-2317

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| APRIL JONES, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| | ) | |

BEFORE:  BATCHELDER and GRIFFIN, Circuit Judges; PHILLIPS[*], District Judge.

THOMAS W. PHILLIPS, District Judge.  Defendant April Jones appeals her sentence following conviction of 31 counts of aiding and assisting in the preparation of false Federal income tax returns under 26 U.S.C. § 7206(2).  On appeal defendant argues that the 35-month sentence imposed was greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a), and that the district court relied on an unsupported allegation regarding her motive for committing the offenses.  Because defendant has failed to demonstrate either that (1) the district court's consideration of the relevant sentencing factors was deficient, or (2) the sentence imposed by the district court was substantively unreasonable, we affirm the decision of the district court.

---

[*]The Honorable Thomas W. Phillips, United States District Judge for the Eastern District of Tennessee, sitting by designation.

## I. Background

Defendant was charged with 38 counts of aiding and assisting in the preparation of false Federal income tax returns under 26 U.S.C. § 7206(2). Seven of the counts were dismissed prior to trial. After a jury trial, defendant was convicted on the remaining 31 counts and sentenced to concurrent 35-month terms of imprisonment for each count.

In the presentence report, the Probation Department identified an additional 58 fraudulent returns filed or prepared by defendant. The Government filed a supplemental brief supporting the returns as relevant conduct and calculated the amount of additional fraud based on the actual figures from the additional relevant returns. The total amount of fraud for all the returns (31 at trial, 58 relevant conduct) was calculated to be $244,392.45. As a result, the court calculated defendant's offense level under the Guidelines at 20 with a criminal history category of I, resulting in a Guideline sentencing range of 33-41 months.

When imposing sentence, the district court stated, in pertinent part, the following:

> When you say you didn't do it for profit or for gain, well, so it seems with respect to the amounts of money that you charged. On the other hand, as mentioned here by your attorney, you were a union member. Your clients were all union members. And the question that arises in my mind is, maybe you were getting something else besides dollars for your generous services; essentially handing out Federal tax rewards, inappropriately, to people who did not deserve them.

> It seems reasonable to think this may have been a way of building additional support for whatever position you had or hoped to achieve within the union structure or else in other ways assisting you within the workplace. I don't know which. Maybe it wasn't for profit or for

2

gain in a monetary sense, but it had other motivations.

Defendant avers that the district court's statement that all of defendant's clients were union members and that her motive was to "build support" for her position in the "union structure" was factually erroneous and unsupported by the record.  Defendant contends that the district court imposed an unreasonable sentence by placing undue weight on the guidelines, relying on factors without any support in the record, and by imposing a term of imprisonment that exceeded that necessary to comply with the factors contained in § 3553(a)(2).

## II.  Analysis

On appeal defendant argues that the district judge placed undue weight on the Guidelines and imposed a term of imprisonment that was greater than necessary to comply with the factors contained in 18 U.S.C. § 3553(a)(2). More specifically, defendant contends that the sentence was unreasonable because she was a first-time offender.  Up to the time of the present offense, she had lived her life in a law-abiding fashion and had established herself as an exemplary worker, student, citizen, and single mother.  In addition, the harm caused by her offense was the financial loss to the  Federal Government in tax revenues.  She did not commit a crime of violence.  Defendant asserts that she did not receive any benefit from this fraud other than the relatively small fee ($50 per return) that she charged her clients.

Post-*Booker*, the discretion of the district court in handing down a sentence has been enhanced, and a sentence will be upheld on appeal if that sentence is "reasonable."  *United States*

3

*v. Jackson,* 408 F.3d 301, 304 (6th Cir. 2005). The reasonableness inquiry has both a procedural and a substantive component, requiring review of both the procedures used and the factors considered in determining the sentence and the punishment itself. *See United States v. Webb,* 403 F.3d 373, 383 (6th Cir. 2005). Thus, the district court's sentence must be upheld unless it is found to be either procedurally or substantively unreasonable. *United States v. Collington,* 461 F.3d 805, 808 (6th Cir. 2006). A sentence may be held *procedurally* unreasonable if the district court (1) did not appreciate the non-mandatory nature of the guidelines, (2) did not correctly calculate the sentencing range under the guidelines, or (3) did not consider the 18 U.S.C. § 3553(a) factors. *United States v. Davis,* 458 F.3d 491, 495 (6th Cir. 2006).

Although defendant argues that the district court failed to consider fully the sentencing factors outlined in § 3553(a), she does not point to any specific factor that was not presented to and considered by the district court. The district court explained its reasons for sentencing defendant, concentrating on the nature and circumstances of the offense and the characteristics of the defendant. The district court noted (1) the number of convictions [31] which took place over several years; (2) that defendant had committed at least another 58 offenses during the same time period; (3) the amount of loss to the government; (4) the penalties and interest that defendant's clients must pay to the government; (5) defendant's lack of credibility, as she still tried to place all the blame on her clients; and (6) her contention that she was not a criminal. The district court expressed concern that defendant did not respect the law because she was not truthful about her crimes; she considered herself not to be a criminal; and she blamed her clients for her crimes. In defendant's favor, the court

4

acknowledged defendant's personal circumstances; that she had not been convicted before; and that she did not receive a large financial reward for preparing the tax returns. The record in this case clearly indicates the district court's consideration of the relevant sentencing factors. The district court communicated a clear rationale for its sentence. Moreover, defendant fails to point to any relevant factor she raised that the district court did not consider, and there is nothing in the record to suggest that the district court did not weigh all of the relevant factors in arriving at the sentence imposed.

As to substantive reasonableness, a sentence may be held *substantively* unreasonable if the district court (1) selected the sentence arbitrarily, (2) based the sentence on impermissible factors, or (3) gave an unreasonable amount of weight to a pertinent factor. *Collington,* 461 F.3d at 808. Defendant argues that the district court relied on an impermissible factor when it opined that her motive for preparing the tax returns in this case was to build support for her position in the union, a conclusion which has no support in the record. However, the district court's comments regarding her possible motive for the offenses have been taken out of context. The district court's comments were made in the context of refuting defendant's claims that her motives were not pecuniary in nature but were "altruistic" in that she sought to help others.

The district court rejected defendant's argument that she was "not a criminal" because she did not commit the offenses for profit or gain. In ruling that it did not believe her claim of altruism, the district court noted that even though her offenses did not involve a large financial gain, her

5

motivations *might* have been to assist her in the workplace, since many of her fellow employees. The district court made no finding ascribing any particular motive to defendant, and in fact, admitted that it did not know what her motive was. Thus, rather than assigning a particular motive to defendant, the district court rejected her argument that her altruistic motive should warrant a sentence below her advisory Guideline range. Moreover, there is no indication in the record that the district judge relied on defendant's motive in setting her sentence.

Because the district court imposed a sentence within the range recommended by the Guidelines, it is accorded a rebuttable presumption of reasonableness. *United States v. Cruz,* 461 F.3d 752, 754 (6th Cir. 2006). Defendant claims that the sentence imposed by the district court was unreasonable because a sentence of shorter length would have been more appropriate. Defendant argues that her unique circumstances warrant lenity in sentencing. She made these arguments before the district court, and the district court was unpersuaded that these circumstances justified the imposition of a lighter sentence. There is nothing in the record that suggests the district court's weighing of the relevant factors and decision to impose a sentence at the lower end of the recommended Guideline range was unreasonable. The district court was aware of defendant's individual characteristics, but balanced those against society's need to punish criminal conduct, and defendant's refusal to accept responsibility for her actions.

### III. Conclusion

For the foregoing reasons, we affirm the sentence imposed by the district court.

6