NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  07a0241n.06
Filed:  April 2, 2007

**05-6829**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| MALIK BURFORD, | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  BOGGS, Chief Circuit Judge, and DAUGHTREY and GIBBONS, Circuit Judges.

PER CURIAM.  The defendant, Malik Burford, pleaded guilty to one count of distribution of cocaine base and received, as a career offender, a sentence of 151 months in prison.  On appeal, Burford asserts that the sentence imposed is unreasonable.  We find no error and, therefore, affirm the judgment of the district court.

The defendant does not dispute that he sold 0.6 grams of crack cocaine to a confidential informant on June 20, 2000; 0.4 grams of crack cocaine to the same informant on June 26, 2000; and 0.3 grams of crack cocaine in a third sale on July 1, 2000.

Furthermore, he acknowledges that he had previously been convicted of felony drug charges in June 1993, April 1998, and October 1999, in addition to other convictions for domestic violence, assault, resisting an order by police, and numerous instances of driving without a license or on a suspended or revoked license.

As a result of that prior record, the district court, without objection from Burford, concluded at the original sentencing hearing in September 2002 that the defendant was a career offender, as defined by § 4B1.1(a) of the sentencing guidelines. Burford argued, however, that the district court should show leniency toward him in sentencing because each of the defendant's prior drug convictions "reflected only a very small amount of cocaine," supporting the conclusion that "he was more of a user" than a drug-trafficker. Application of the then-mandatory guidelines nevertheless resulted in a determination that the defendant should be sentenced as a criminal history category VI, level 29 offender to a prison term between 151 and 188 months, and the district judge ultimately imposed a 151-month sentence on Burford. Following the release of the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), however, the defendant and the government agreed that resentencing was necessary because, at the original sentencing hearing, the district judge had considered the sentencing guidelines to be mandatory.

At resentencing, the defendant again argued that he deserved a sentence lower than the punishment range established by the guidelines because the "drug convictions

were of small amounts." The district judge disagreed and saw "no reason to change the sentence which the Court gave before and the sentence was 151 months, which was the low end of the guidelines." In explaining his decision, the district judge continued:

> And one of the reasons that I think that a guideline sentence is appropriate in the case is the need to protect the public, because the defendant does have an extensive criminal record. And it's not only the three offenses that are predicate offenses for the career offender, but there are a number of other offenses as well. Many of them, most of them driving offenses. There was also a domestic assault. There was a resisting arrest as well.
>
> * * * * *
>
> I have to consider what sentences are imposed in other cases as well as your case. And for what you've been involved in here in the case this is in my opinion a very reasonable sentence. And I'm sorry you don't like it, not many people do, you know, and that's nothing that, be honest with you, it's nothing that I really enjoy doing, but I do feel that it's my duty to resentence you to the same sentence that I gave you before. There is no reason to change it.

In its decision in *Booker,* the Supreme Court "invalidated the mandatory use of the Sentencing Guidelines and held they are now 'effectively advisory.'" *United States v. Collington*, 461 F.3d 805, 807 (6th Cir. 2006). We now review any sentence imposed under the new framework to determine whether that sentence is "reasonable," both procedurally and substantively. As we explained in *Collington*:

> A sentence may be procedurally unreasonable if "the district judge fails to 'consider' the applicable Guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." A sentence may be considered substantively unreasonable when the district court "select[s] the sentence arbitrarily, bas[es] the sentence on

- 3 -

> impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor."

*Id.* at 808 (citations omitted). *See also United States v. Funk*, 477 F.3d 421, 426 (6th Cir. 2007).

When reviewing a sentence to determine whether it is *substantively* reasonable, we start with a presumption of reasonableness "[w]hen the district court issues a within-guidelines sentence." *United States v. Davis*, 458 F.3d 491, 496 (6th Cir. 2006), *petition for cert. filed*, (U.S. Nov. 13, 2006) (No. 06-7784). That presumption may, of course, be rebutted if the guidelines sentence is not properly calculated or if the district judge did not adequately consider the § 3553(a) sentencing factors, *see United States v. Cruz*, 461 F.3d 752, 754 (6th Cir. 2006), although "'[s]uch consideration . . . need not be evidenced explicitly' in some mechanical form". *Id.* (quoting *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006), *petition for cert. filed*, (U.S. July 11, 2006) (No. 06-5275)).

The 151-month prison sentence imposed in this case resulted from a guideline range calculation with which even the defendant does not disagree. Instead, Burford merely insists in the most general of terms that a lesser sentence should have been rendered. He asserts no specific basis for that contention, and we know of none.[1] The

---

[1]Counsel virtually conceded at oral argument that there was no principled basis on which to attack the sentence, and that he was pressing the appeal only at the insistence of the defendant. Counsel should recall that a brief comporting with *Anders v. California*, 386 U.S. 738 (1967), may ethically be filed under such circumstances.

record reflects that the district judge properly considered the § 3553(a) factors in reaching his sentencing decision, referencing the defendant's extensive criminal history, *see* 18 U.S.C. § 3553(a)(1); the need to protect the public from Burford's seemingly endless string of criminal acts, *see* 18 U.S.C. § 3553(a)(2)(C); the opportunity for the defendant to receive extensive drug rehabilitation in prison, *see* 18 U.S.C. § 3553(a)(3); the applicable guideline range, *see* 18 U.S.C. § 3553(a)(4)(A); and his consideration of sentences given in other cases, *see* 18 U.S.C. § 3553(a)(7). In short, the sentence imposed in this matter upon resentencing was procedurally reasonable, and Burford has failed to rebut in any fashion the presumption that the sentence at the low end of the applicable guideline range was also substantively reasonable.

AFFIRMED.