NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0413n.06
Filed: June 18, 2007

No. 06-1672

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF MICHIGAN |
| MARQUAN SHERROD WILSON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: GIBBONS and McKEAGUE, Circuit Judges; and BERTELSMAN, District Judge.[*]

**JULIA SMITH GIBBONS, Circuit Judge.** Defendant-appellant Marquan Wilson appeals the district court's sentence of eighty-seven months following his conviction on a charge of conspiracy to possess with intent to distribute approximately 3.5 kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii), and 846. Wilson challenges his sentence on the grounds that the district court engaged in impermissible judicial fact-finding and that his sentence is unreasonable. For the following reasons, we affirm the sentence of the district court.

I.

Wilson pled guilty, without a plea agreement, to the charge of conspiracy to possess with intent to distribute approximately 3.5 kilograms of cocaine. The sentencing guidelines calculation,

---

[*]The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

disputed before the district court but not on appeal, resulted in a final offense level of 29, criminal history category I, and a recommended sentence of 87-108 months. This calculation reflected a base offense level of 32 with a 3-level reduction for acceptance of responsibility. At sentencing, Wilson apologized and took full responsibility for his crime and claimed that he was a changed man due to the rehabilitation and counseling he had undertaken during his presentencing incarceration. The district court imposed a sentence of 87 months.

## II.

Wilson argues that "once a district court chooses to use the Guidelines, because that use must still comport with the Sixth Amendment, the maximum sentence is the top end of the Guideline range calculated *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." (Appellant's Br. 13 (internal quotation marks omitted).) Wilson's argument is expressly contradicted by numerous controlling opinions that have held that judicial fact-finding at sentencing is constitutional, so long as the court appreciates that the guidelines are advisory, not binding. *See United States v. Booker*, 543 U.S. 220, 233 (2005) ("If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment . . . ."); *United States v. Gardiner*, 463 F.3d 445, 461 (6th Cir. 2006); *United States v. Mickens*, 453 F.3d 668, 673 (6th Cir. 2006); *United States v. Richardson*, 437 F.3d 550, 555 (6th Cir. 2006); *United States v. Coffee*, 434 F.3d 887, 898 (6th Cir. 2005); *United States v. Stone*, 432 F.3d 651, 654-55 (6th Cir. 2005). As the district court understood that the sentencing guidelines provided only a recommendation and that it was free to deviate from that recommendation, which Wilson does not dispute, it did not violate Wilson's Fifth and Sixth Amendment rights by relying upon judicially-

found facts.

III.

Wilson argues that his sentence is unreasonable because he "does not pose a danger to society and has shown himself amenable to changing his lifestyle." (Appellant's Br. 24.) This court reviews a sentence for both procedural and substantive reasonableness. *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006).

A sentence is procedurally reasonable if the record demonstrates that the sentencing court addressed the relevant § 3553(a) factors in reaching its conclusion, explaining its reasoning to a sufficient degree to allow for reasonable appellate review. *United States v. Dexta*, 470 F.3d 612, 614-15 (6th Cir. 2006). Here, in addition to explicitly stating that it had considered all the § 3553(a) factors, the district court considered the character of the defendant and his allocution that he had changed, *see* 18 U.S.C. § 3553(a)(1); the seriousness of the offense, *see* § 3553(a)(2)(A); the need to deter criminal conduct, *see* § 3553(a)(2)(B); the need to protect the public from further crimes of the defendant, *see* § 3553(a)(2)(C); the need to provide the defendant with correctional treatment, *see* § 3553(a)(2)(D); the recommendation of the sentencing guidelines, *see* § 3553(a)(4); and the need to avoid unwarranted sentencing disparities, *see* § 3553(a)(6). Therefore, the sentence is procedurally reasonable.

Wilson's sentence is also substantively reasonable. "We give a properly calculated sentence within the guidelines, in which the district judge adequately considered the § 3553(a) factors, a 'rebuttable presumption of reasonableness.'" *United States v. Cruz*, 461 F.3d 752, 754 (6th Cir. 2006) (quoting *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006)). A "mere allegation that the sentence imposed is greater than necessary to achieve the goals of punishment outlined in

-3-

§ 3553(a) is insufficient to rebut the presumption of reasonableness." *Dexta*, 470 F.3d at 616. The district court considered Wilson's allocution that he had changed in light of his conduct and even granted a three-level reduction in the offense level for his acceptance of responsibility. There is nothing in the record that suggests the district court's weighing of the relevant factors was unreasonable. "The fact that the district court did not give the defendant the exact sentence he sought is not a cognizable basis to appeal, particularly where the district court followed the mandate of § 3553(a) in all relevant respects." *United States v. Jackson*, 466 F.3d 537, 540 (6th Cir. 2006). Accordingly, the sentence is substantively reasonable.

IV.

For the foregoing reasons, we affirm the sentence of the district court.