**UNITED STATES of America,**
**Appellee,**

v.

**Paul Anthony DIXON, Defendant–**
**Appellant.**

**No. 08–1397–cr.**

United States Court of Appeals,
Second Circuit.

Sept. 16, 2008.

Darrell B. Fields, Federal Defenders of New York, Inc., New York, NY, for Defendant–Appellant.

John T. Zach, Assistant United States Attorney (Michael J. Garcia, United States Attorney, Southern District of New York, on the brief, Katherine Polk Failla, Assistant United States Attorney, of counsel), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROGER J. MINER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Following a guilty plea in the United States District Court for the Southern District of New York (Sand, *J.*), Defendant–Appellant Paul Anthony Dixon was convicted of illegally reentering the United States after having been deported, in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court sentenced Dixon principally to a term of 57 months' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

■ ■ Dixon argues that his sentence was procedurally unreasonable because Judge Sand erroneously believed his task was to impose a "reasonable" sentence, rather than " 'a sentence sufficient, but not greater than necessary, to comply with the purposes' of [18 U.S.C. § ] 3553(a)(2)." *United States v. Williams,* 475 F.3d 468, 477 (2d Cir.2007) (quoting *United States v. Foreman,* 436 F.3d 638, 644 n. 1 (6th Cir.2006)). In sentencing Dixon, Judge Sand said that "[t]he ques-

tion is what is a reasonable sentence under all the facts and circumstances." Dixon protests that reasonableness is the appellate standard of review of sentences, not the standard to be applied by district judges.

We rejected this argument when reviewing a sentence following a *Crosby* remand. *See Williams,* 475 F.3d at 477 ("Williams has failed to demonstrate that the District Court's reference to the appellate standard of review when deciding whether to resentence him constituted reversible error. There is no indication in the record that the District Court's reference to its duty to impose a sentence that was 'reasonable' affected in any way its assessment of whether resentencing ... was warranted." (internal citation omitted)); *see also United States v. Ministro–Tapia,* 470 F.3d 137, 142 (2d Cir.2006) ("[A district] court's reference to imposing a 'reasonable' sentence under the § 3553(a) factors, as opposed to say an 'appropriate,' 'sensible,' or 'fair' sentence under those factors, ... does not invariably plant the seeds of reversible error' " (some alterations in original) (quoting *United States v. Cruz,* 461 F.3d 752, 756 (6th Cir.2006))). Judge Sand's offhand reference to his duty to impose a "reasonable" sentence does not indicate that the sentence was procedurally unreasonable. Nothing in the record suggests that Judge Sand failed to give due consideration to the applicable sentencing factors. *See United States v. Fernandez,* 443 F.3d 19, 30 (2d Cir.2006).

■ ■ Dixon argues that his sentence was unreasonably long given that [i] the Guidelines ranges for other offenses that he regards as more serious than his are lower; [ii] the government offers illegal reentrants lower sentences in "fast-track" districts elsewhere in the country; and [iii] he reentered the United States to care for his ill son.

"Reasonableness review does not entail the substitution of our judgment for that of the sentencing judge. Rather, the standard is akin to review for abuse of discretion." *Id.* at 27. Although we do not presume that a Guidelines sentence is reasonable, we have "recognize[d] that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *Id.*; *cf. Rita v. United States*, — U.S. ——, 127 S.Ct. 2456, 2464–65, 168 L.Ed.2d 203 (2007).

As to [i], there was no error because the Guidelines' 16–level enhancement for illegal reentrants who were previously convicted of a drug trafficking offense for which the sentence imposed exceeded 13 months, *see* U.S.S.G. § 2L1.2(b)(1)(A), reflects Congress's intent to impose increasingly serious penalties depending on the nature and extent of the defendant's pre-deportation criminal history. *See* 8 U.S.C. § 1326(b).

As to [ii], we have rejected this precise argument before and do so again. *See United States v. Hendry*, 522 F.3d 239, 241–42 (2d Cir.2008) (explaining that "the absence of a fast-track program does not require the court to adjust the sentence" to prevent a sentencing disparity, and rejecting defendant's argument that "the fact that other courts give lower sentences [in such districts] demonstrates that lower sentences suffice to meet the aims enumerated in § 3553(a)").

Finally, as to [iii], Judge Sand acknowledged Dixon's stated reason for reentering the United States, but observed that Dixon then remained in the country for years after the death of his son. Accordingly, Judge Sand was reasonably skeptical of Dixon's assertion that he reentered the country solely to care for his son.

In all, we cannot conclude that Dixon's sentence—which is at the bottom of the applicable Guidelines range—falls outside "the broad range of sentences that would be reasonable." *Fernandez*, 443 F.3d at 27.

Finding no merit in Dixon's remaining arguments, the judgment of the district court is hereby **AFFIRMED.**