09-1564-cr
*USA v. Perez*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of September, two thousand and ten.

PRESENT: ROGER J. MINER,
         PIERRE N. LEVAL
         RICHARD C. WESLEY,
                 *Circuit Judges.*

─────────────────────────────

UNITED STATES OF AMERICA,

                 *Appellee,*

         -v.-                                    09-1564-cr

FRANKIE PEREZ, also known as
Perez2250X@aol.com, also known as
Bxloveboy22@aol.com,

                 *Defendant-Appellant.*

─────────────────────────────

FOR APPELLANT:     EDWARD S. ZAS, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY.

FOR APPELLEE:     HOWARD S. MASTER, KATHERINE POLK FAILLA, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant-appellant Frankie Perez appeals from a judgment entered April 8, 2009 in the United States District Court for the Southern District of New York (Cote, *J.*), convicting him upon a plea of guilty to one charge of using a facility of interstate commerce to persuade, induce, entice, and coerce a child to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).  On April 6, 2009, the district court sentenced Perez principally to a term of 168 months' imprisonment.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Perez first contends that his sentence should be vacated as procedurally unreasonable because the district

2

court failed to employ the correct legal standard. We are unpersuaded. Though the district court *did* recite the improper standard before imposing sentence — stating that its duty was to impose a "reasonable" sentence, instead of one "sufficient, but not greater than necessary" to fulfill the goals of 18 U.S.C. § 3553(a)(2) — that misstatement does not automatically render Perez's sentence procedurally infirm. "[T]he court's reference to imposing a 'reasonable' sentence under the § 3553(a) factors, as opposed to say an 'appropriate,' 'sensible,' or 'fair' sentence under those factors . . . does not invariably plant the seeds of reversible error." *United States v. Cruz*, 461 F.3d 752, 756 (6th Cir. 2006); *see also United States v. Ministro-Tapia*, 470 F.3d 137, 142 (2d Cir. 2006). It is well settled that we do not require "robotic incantations" on the part of district judges when imposing sentences, *United States v. Goffi*, 446 F.3d 319, 321 (2d Cir. 2006), and we will "entertain a strong presumption that the sentencing judge has considered all arguments properly presented to her, unless the record clearly suggests otherwise," *United States v. Fernandez*, 443 F.3d 19, 29 (2d Cir. 2006). Here, there is no basis to conclude that the district court failed to

understand the command of the parsimony clause in sentencing Perez.

Perez next contends that the sentence imposed was procedurally unreasonable because the district court failed to explain the basis for its upward departure from the Guidelines range calculated by the Probation Office. *See* 18 U.S.C. § 3553(c)(2); U.S.S.G. § 4A1.3(c). Because Perez failed to raise this argument to the district court, we review only for plain error, *see, e.g., United States v. Brennan*, 395 F.3d 59, 71 (2d Cir. 2005), and we discern no such error. While the district court failed to provide a written statement of reasons to support its departure — from a criminal history category of I to a criminal history category of III — the court's basis for departing was clearly stated in open court, and is plain from the record before us.

"The inadequacy of a defendant's criminal history category is not merely a permissible basis for an upward departure . . . [but] an 'encouraged' basis for such a departure." *United States v. Simmons*, 343 F.3d 72, 78 (2d Cir. 2003) (citing *Koon v. United States*, 518 U.S. 81, 94-95 (1996)). The district court's decision to upwardly depart

from the recommended Guidelines range was justified in light of additional criminal conduct — to which Perez admitted but which did not form the basis of his original Guidelines calculation — that the court reasonably concluded would bear on his risk for recidivism. Moreover, the record amply supports the court's imposition of a sentence of 168 months' imprisonment, the apogee of the post-departure Guidelines range. Because the district judge's oral statements are sufficient to justify the departure — and ultimate sentence imposed — the judgment will not be disturbed. "[S]ection 3553(c)(2) does not require that a district court refer specifically to every factor in section 3553(a). A statement of the specific reason for the imposition of a sentence different from that recommended suffices." *United States v. Goffi*, 446 F.3d 319, 321 (2d Cir. 2006) (internal quotation marks omitted).

Finally, though the district court neglected to include a written statement of reasons to support its departure pursuant to Section 3553(c)(2), that defect is not fatal to the sentence. "[W]here a reviewing court determines that a departure is neither 'too high' nor 'too low' within the meaning of 18 U.S.C. § 3742(f)(2), a district court's

5

failure to include in the written judgment an explanation for its departure does not provide an independent basis for remand." *United States v. Fuller*, 426 F.3d 556, 567 (2d Cir. 2005). In the past, our Court has suggested it to be the "better course" to remand such matters to the district court for a supplementation of the written record. *See, e.g., Goffi*, 446 F.3d at 322 n.2; *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006). However, on the particular facts and circumstances of this case, we conclude that remand is not warranted.

We reject Perez's remaining contentions as meritless. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: