**UNITED STATES of America,**
**Appellee,**

v.

**Marcos Umberto MINISTRO–TAPIA,**
**a/k/a Captain Martin, Defendant–**
**Appellant.**

Docket No. 05–5101–CR.

United States Court of Appeals,
Second Circuit.

Argued Sept. 25, 2006.

Decided Nov. 28, 2006.

138

Philip L. Weinstein, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY, for Defendant–Appellant.

Jesse M. Furman, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, Katherine Polk Failla, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Before: WALKER, LEVAL and RAGGI, Circuit Judges.

JOHN M. WALKER, JR., Circuit Judge.

This is an appeal from a September 21, 2005, judgment of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge* ), convicting the defendant, following his guilty plea, of conspiracy to create and sell counterfeit Social Security and alien registration receipt cards in violation of 18 U.S.C. § 371. The defendant was sentenced to 24 months' imprisonment, which represents the bottom of the applicable Federal Sentencing Guidelines range.

On appeal, the defendant argues that his sentence violates the so-called "parsimony clause" of 18 U.S.C. § 3553(a), which provides that "[t]he [district] court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of [§ 3553(a) ]." Paragraph (2) provides that a district court shall consider "the need for the sentence imposed ... (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). Before imposing a sentence, a district court also must "consider" the six remaining factors set forth in § 3553(a)(1)-(7). *Id.* § 3553(a); *see also United States v. Booker*, 543 U.S. 220, 259–60, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *United States v. Crosby*, 397 F.3d 103, 111–14 (2d Cir.2005).

Because the defendant failed to raise the parsimony clause in urging the district court to impose a sentence below the Guidelines range and, in any event, because the record does not clearly support his argument, we affirm the judgment of the district court.

## BACKGROUND

Defendant-appellant Marcos Umberto Ministro–Tapia is a Mexican citizen. In 2001, he entered the United States illegally and began to work a series of jobs to support his wife and two children, all of whom remain in Mexico.

Between 2004 and 2005, Ministro–Tapia and a coconspirator made and distributed counterfeit Social Security and alien registration cards. Ministro–Tapia would purchase blank cards from a supplier in Queens, New York, and then produce the false documents at his home in Poughkeepsie, New York. In a little less than a year, Ministro–Tapia produced and sold approxi-

mately 130 to 150 sets of the counterfeit documents.

Ministro–Tapia was eventually arrested and charged by information with conspiracy to create and sell false Social Security cards and false alien registration receipt cards in violation of 18 U.S.C. § 371. He entered a plea of guilty and allocuted to the charged offense conduct.

In anticipation of Ministro–Tapia's sentencing, the Probation Office prepared a presentence investigation report, in which it determined that Ministro–Tapia had a total offense level of 17 and a Criminal History Category of I, yielding a Guidelines range of 24 to 30 months' imprisonment. Based on "the absence of mitigating and/or aggravating factors," the Probation Office recommended a sentence of 24 months' imprisonment "to serve as a specific and general deterrent."

On September 19, 2005, the district court convened a hearing to sentence Ministro–Tapia. The court permitted both the government and the defendant to make sentencing arguments.

The government recommended a sentence within the Guidelines range of 24 to 30 months' imprisonment. The government noted that this was "not a case of a citizen creating one or two alien registration cards or one or two Social Security cards to help his family or friends or someone come into the country." "Rather," the government continued, "[Ministro–Tapia] basically set up a small business for himself, where he had a supplier and confessed to creating approximately 130 to 150 fake documents." The government argued that a Guidelines sentence was appropriate "to deter the defendant from doing this again and to deter individuals in the same line of work."

Counsel for Ministro–Tapia began by describing his client:

Your Honor, the defendant is 36 years old. He's been in this country for about four years. Evidently, he had been working, was laid off, had a connection down in Queens with somebody that was able to supply blank documents, and fell into what the government has described as a business of producing these cards. Evidently, he made about $5,000 over the course of a year doing this.

After attempting to downplay the significance of the charged offense conduct, defense counsel argued for a *"reasonable"* sentence "significantly below" the Guideline range. Specifically, he argued:

I would urge the Court to conclude that, given the fact that the defendant is concededly an undocumented alien here from Mexico and faces the certainty of deportation after this conviction, I would urge the Court to conclude that a *reasonable* sentence is one that falls significantly below the 24–[month] minimum. Your honor, I think a sentence in the range of one year would serve as a deterrent, and in combination with the deportation would deter others and would be *reasonable.*

The district court then set about to sentence Ministro–Tapia:

Okay. I've reviewed the presentence report. I accept and adopt as my findings its description of the offense and the offense conduct and, in particular, its calculation of the guidelines range, the offense level and the defendant's criminal history.

The offense level computation reveals a total offense level of 17. The defendant's Criminal History Category is I. So the guidelines calculation of 24 to 30 months' imprisonment is correct.

I now have to weigh that guideline factor along with all of the other factors

in Title 18, United States Code, section 3553(a). I must consider first the nature of the offense, the circumstances of the offense and of the offender.

The government correctly describes the offense. [Defense counsel] correctly describes the offender.

The offense is not a trivial one. It is a serious one, and one that Congress has indicated is serious. And there is no element of the offense that takes into account the likely users of the illicit documents. And at this point in our national history, when we have seen what can happen with illicit documents, the fact that the likely users of the documents created by this defendant and his cohorts would be other Mexican immigrants is not a factor that I find particularly persuasive, in terms of the guidelines, and less than the guidelines, calculus.

[Defense counsel] correctly described the defendant as an illegal alien, who is certain to be deported, whose family is in Mexico, and someone who has no criminal history. And I take that into account.

The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment: The guideline[s] sentence would do that. So, I suspect, would a sentence less than the guidelines.

To afford adequate deterrence to criminal conduct, the guideline[s] sentence would do that. Probably, so would a sentence below the guidelines, though I can't be sure of that. Deportation is a serious, serious consequence of a defendant's having engaged in criminal activity. It is not part of the statutorily mandated punishment.

To protect the public from further crimes: Certainly, the defendant's deportation will, at least insofar as the defendant does not illegally re-enter the United States, protect the public from further crimes of this nature, as will a guideline[s] sentence.

As I say almost every time, imprisonment will not provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner possible. That's not a consideration in this particular case.

As to the kinds of sentences available and the guidelines: I have taken them into account.

As to the need to avoid unwarranted disparity: This is not an illegal re-entry case, so I don't think that the unwarranted disparity, with fast-track jurisdiction consideration, comes into play here.

All in all, I could make an argument for a guidelines sentence. I could make an argument for a nonguideline[s] sentence. And where it's six of one and half dozen of the other, I believe that the best course of action is to come down on the side of the guidelines, and I will impose a guideline[s] sentence.

The district court sentenced Ministro–Tapia to 24 months' imprisonment, to be followed by three years' supervised release, and imposed the mandatory special assessment of $100. This appeal followed.

## DISCUSSION

On appeal, Ministro–Tapia argues that the district court violated the parsimony clause, which provides that "[t]he [district] court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [§ 3553(a)(2)]." 18 U.S.C. § 3553(a). According to Ministro–Tapia, "the district court carefully considered each of Section 3553(a)'s enumerated sentencing factors." He contends, however, that "the [district]

court concluded that a below-the-Guidelines sentence would be as effective as a Guideline[s]-range sentence." "Despite the parsimony command of Section 3553(a)," he continues, "the [district] court opted to impose a guideline[s] range sentence of 24 months as the 'best course.'" He argues that this was procedural "error that requires a remand."

■ "We review a district court's sentencing decisions for reasonableness." *United States v. Rattoballi*, 452 F.3d 127, 131 (2d Cir.2006); *accord United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir.2006). "[T]hat review involves consideration not only of the sentence itself, but also of the procedures employed in arriving at the sentence." *Fernandez*, 443 F.3d at 26; *accord Rattoballi*, 452 F.3d at 131–32.

Reasonableness review does not entail the substitution of our judgment for that of the sentencing judge. Rather, the standard is akin to review for abuse of discretion. Thus, when we determine whether a sentence is reasonable, we ought to consider whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact.

*Fernandez*, 443 F.3d at 27 (citations, quotation marks, and alterations omitted); *cf. Rattoballi*, 452 F.3d at 137 (holding that "[t]he sentence imposed by the district court 'exceeded the bounds of allowable discretion'" (quoting *Fernandez*, 443 F.3d at 27)). Applying these principles to this case, we identify no error warranting resentencing.

■ Preliminarily, we note that at sentencing Ministro–Tapia's counsel never specifically invoked the parsimony clause or argued for a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in" § 3553(a)(2); he

argued only for a "reasonable" sentence. Appx. 35 (Sentencing Tr. 5) ("I would urge the Court to conclude that a *reasonable* sentence is one that falls significantly below the 24–[month] minimum." (emphasis added)); *id.* ("Your honor, I think a sentence in the range of one year would serve as a deterrent, and in combination with the deportation would deter others and would be *reasonable*." (emphasis added)). His appellate counsel, who did not represent Ministro–Tapia below, now presses a different argument on appeal:

[R]easonableness is an appellate standard. The district court's mandate is to impose "a sentence sufficient, but not greater than necessary to comply with the purposes of section 3553(a)(2)."

Def.'s Reply Br. at 4 (quoting *United States v. Foreman*, 436 F.3d 638, 644 n. 1 (6th Cir.2006)). While we have suggested our general agreement with this dichotomy, *see United States v. Castillo*, 460 F.3d 337, 354 (2d Cir.2006) ("District court sentencing after *Booker* centers around 18 U.S.C. § 3553(a), which calls on the district court to 'impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection' and to 'consider' the [remaining § 3553(a)] factors ...."), where, as in this case, the defendant never argued the parsimony clause in the district court, we do not assume from the court's failure specifically to reference that clause that the court has ignored its mandate. To the contrary, absent record proof showing otherwise, we assume the district court's awareness of and compliance with this statutory sentencing obligation. *See generally Fernandez*, 443 F.3d at 30 ("[W]e presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors" set out in 18 U.S.C. § 3553(a)).

On appeal, the defendant submits that the record does clearly demonstrate the district court's violation of its parsimony clause obligation because the district court stated that, all things being equal ("six of one and half dozen of the other"), it "believe[s] that the best course of action is to come down on the side of the guidelines." Appx. 38 (Sentencing Tr. 8). Plainly, if a district court were explicitly to conclude that two sentences equally served the statutory purpose of § 3553, it could not, consistent with the parsimony clause, impose the higher. But we do not understand the district court to have committed any such error. The sentencing record, viewed as a whole, does not convincingly demonstrate that the district court in fact viewed the Guidelines sentence that it selected as in equipoise with the below-the-range sentence that the defendant sought. Rather, it shows that the court repeatedly qualified its assessment of the adequacy of such a non-Guidelines sentence. For example, when the district court considered the need for the sentence to promote adequate deterrence, it stated:

> To afford adequate deterrence to criminal conduct, the guideline[s] sentence would do that. *Probably*, so would a sentence below the guidelines, *though I can't be sure of that.*

*Id.* at 37 (Sentencing Tr. 7) (emphasis added). In addition to this and other qualifications contained in the record, *see id.* at 36–38 (Sentencing Tr. 6–8), the district court described Ministro–Tapia's offense as a "serious one"—one that required a sufficient penalty, *id.* at 36 (Sentencing Tr. 6).

Ultimately, the district court determined that the Guidelines sentence was preferable to a lower non-Guidelines sentence. From this decision, we hold that, despite equivocal iterations, the district court concluded that the sentence imposed, which represented the bottom of the Guidelines range, was necessary to achieve the purposes of § 3553(a)(2) and, in imposing the Guidelines sentence, properly took into account the considered judgment of Congress and the Sentencing Commission. *Cf. Rattoballi,* 452 F.3d at 133 ("It bears noting that the Sentencing Commission is an expert agency whose statutory charge mirrors the § 3553(a) factors that the district courts are required to consider." (citing 28 U.S.C. §§ 991(b), 994)). We have specifically instructed the district courts to treat "the Guidelines range . . . as 'a benchmark or point of reference or departure' for the . . . imposition" of sentences following *Booker. Fernandez,* 443 F.3d at 28 (citation omitted) (quoting *United States v. Rubenstein,* 403 F.3d 93, 98–99 (2d Cir.2005)). For us to hold that a sentence at the bottom of the Guidelines range is invalid under the parsimony clause, we will require a showing considerably clearer than that presented here of the district court's belief that, after taking into account the Guidelines and the "considered judgment" that they represent, *Rattoballi,* 452 F.3d at 133, a lower sentence would be equally effective in advancing the purposes set forth in § 3553(a)(2). *Cf. United States v. Jones,* 460 F.3d 191, 195 (2d Cir.2006) ("Selection of an appropriate amount of punishment inevitably involves some degree of subjectivity that often cannot be precisely explained."); *see also United States v. Cruz,* 461 F.3d 752, 756 (6th Cir.2006) (holding that a "[district] court's reference to imposing a 'reasonable' sentence under the § 3553(a) factors, as opposed to say an 'appropriate,' 'sensible,' or 'fair' sentence under those factors, . . . does not invariably plant the seeds of reversible error"). On our own more limited review, we conclude that Ministro–Tapia got exactly what he asked for at his sentencing hearing: a reasonable sentence. *See Fernandez,* 443 F.3d at 27 (observing

that there is generally a "broad range of sentences that would be reasonable in the particular circumstances"). Furthermore, we reject his contention that the sentence violated the parsimony clause.

\* \* \* \* \* · \*

The district court's sentence reflects careful consideration of each of the § 3553(a) factors. The resulting term of imprisonment is not unreasonable.

## CONCLUSION ·

For the foregoing reasons, the judgment of the district court is AFFIRMED.