**UNITED STATES of America,**
**Appellee,**

v.

**Frank Felix KINGSLEY, also known as Luis R. Cruz, also known as Andre Garcia, also known as Roberto Hinsley, Defendant–Appellant.**

**No. 05–6260–cr.**

United States Court of Appeals, Second Circuit.

Dec. 21, 2006.

David A. Lewis, Federal Defenders of New York, Inc., New York, New York, for Defendant–Appellant.

Arianna Rebecca Berg, Assistant United States Attorney (Karl Metzner, Assistant United States Attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief), New York, New York, for Appellee.

Present: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Circuit Judges, Hon. MARK R. KRAVITZ, District Judge.*

---

* The Honorable Mark R. Kravitz, United States District Court for the District of Connecticut,

*SUMMARY ORDER*

Defendant-appellant Frank Felix Kingsley appeals a November 2, 2005 judgment of the United States District Court for the Southern District of New York (Jones, J.), convicting him, following his plea of guilty to illegally reentering the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(2); sentencing him to forty-six months of imprisonment, followed by two years of supervised release; and imposing a special assessment of $100. We assume the parties' familiarity with the underlying facts and procedural history.

Kingsley challenges the reasonableness of his sentence on two grounds. First, he contends that the district court erred by failing to consider whether the availability of lower sentences in "fast-track" districts created unwarranted sentencing disparities among defendants convicted of the same crime in different districts, in violation of 18 U.S.C. § 3553(a)(6). We rejected this argument in *United States v. Mejia*, 461 F.3d 158 (2d Cir.2006), and Kingsley concedes in his October 31, 2006 letter brief that *Mejia* controls this issue. Therefore, the district court's decision not to reduce Kingsley's sentence because there is no fast-track program in the Southern District of New York did not make his sentence unreasonable. *See Mejia*, 461 F.3d at 164.

Second, Kingsley argues that the district court erred by concluding that it could not consider the lower sentences available in fast-track districts when determining, as required by the "parsimony clause" of § 3553(a), that the sentence it imposed was "sufficient, but not greater than necessary," to accomplish the sentencing purposes listed in § 3553(a)(2). *See United*

sitting by designation.

*States v. Ministro–Tapia*, 470 F.3d 137 (2d Cir.2006) (discussing the parsimony clause). The parties agree that *Mejia* does not resolve this question. Kingsley, however, never made this argument before the district court, and therefore has waived it. *See Salahuddin v. Goord*, 467 F.3d 263, 275 (2d Cir.2006).

We note that a recent panel of this Court rejected a claim under the parsimony clause, where, as here, the record did not indicate that the district court imposed a sentence it considered greater than necessary under § 3553(a). *See Ministro–Tapia*, 470 F.3d at 142 ("Plainly, if a district court were explicitly to conclude that two sentences equally served the statutory purpose of § 3553, it could not, consistent with the parsimony clause, impose the higher.").

For the foregoing reasons, the judgment of the district court is AFFIRMED.