**UNITED STATES of America,**
**Appellee,**

v.

**Ramon Jesus MENDEZ, Defendant–**
**Appellant.**

**No. 06–2299–cr.**

United States Court of Appeals,
Second Circuit.

Nov. 15, 2007.

David A. Lewis, Federal Defenders of
New York, Inc., Appeals Bureau, New
York, NY, for Appellant.

Brendan R. McGuire, Assistant United
States Attorney (Katherine Polk Failla,
Assistant United States Attorney, on the
brief), for Michael J. Garcia, United States
Attorney for the Southern District of New
York, New York, NY, for Appellee.

PRESENT: Hon. ROGER J. MINER, Hon. REENA RAGGI, Circuit Judges, Hon. JED S. RAKOFF, District Judge.[1]

## SUMMARY ORDER

Defendant Ramon Jesus Mendez, who pleaded guilty to illegal reentry into the United States after deportation subsequent to conviction for an aggravated felony, *see* 8 U.S.C. § 1326(a) & (b)(2), appeals that part of his sentence imposing a prison term of 57 months, the low end of his 57–71 month Guidelines range. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Mendez submits that the district court's observation that a 57–month sentence was not "unreasonable" in his case evidences a failure to follow the correct standard for determining sentence, specifically a failure to apply the so-called "parsimony clause" of 18 U.S.C. § 3553(a), which requires the court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes [of sentencing] set forth in [Section 3553(a)(2)]." We are not persuaded.

The appellate standard of review for challenged sentences is "unreasonableness," *United States v. Booker*, 543 U.S. 220, 262, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), both as to procedure and substance, *see United States v. Crosby*, 397 F.3d 103, 114–15 (2d Cir.2005). That standard does not neatly transfer to the district court, which is, of course, obliged to follow a multi-step process and apply independent judgment to the determination of an appropriate sentence. *See Rita v. United States*, — U.S. —, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007) (distinguishing between standards applicable at district and circuit court levels); *see also* 18 U.S.C. § 3553 (outlining factors relevant to sentencing); *United States v. Crosby*, 397 F.3d at 111–13 (summarizing procedures applicable to sentencing post-*Booker*).

In *United States v. Ministro–Tapia*, however, this court recently made clear that "we do not assume from [a sentencing] court's failure specifically to reference [the parsimony] clause that the court has ignored its mandate." 470 F.3d 137, 141 (2d Cir.2006). To the contrary, in the absence of record evidence suggesting otherwise, we assume the district court's awareness of, and compliance with, all sentencing obligations under § 3553, *see id.*; *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir.2006). That assumption applies with particular force where, as here, the challenged sentence falls at the low end of the applicable Guidelines range. *See United States v. Ministro–Tapia*, 470 F.3d at 142 (holding that particularly clear showing is required to establish that sentence at low end of Guidelines is invalid under parsimony clause). Indeed, as the Supreme Court observed in *Rita*, "where [the sentencing judge] and Commission *both* determine that the Guidelines sentence[ ] is an appropriate sentence for the case at hand, that sentence likely reflects the § 3553(a) factors (including its 'not greater than necessary' requirement)." 127 S.Ct. at 2467.

No different conclusion is warranted in this case simply because the district court referenced "reasonableness" in imposing sentence. The sentencing record, viewed in its entirety, convincingly demonstrates the district judge's careful discharge of her sentencing duties. Notably, she conscien-

---

**1.** The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

tiously resolved factual issues raised by the Presentence Investigation Report; correctly calculated and respectfully considered the applicable Guidelines range; further considered factors specified in § 3553, with particular attention to those cited by defendant in mitigation of sentence; and ultimately made an independent determination to impose a sentence at the low end of the Guidelines. In these circumstances, we conclude that the district court understood and applied the appropriate legal standards for sentencing. *See United States v. Williams,* 475 F.3d 468, 477 (2d Cir.2007) (holding that defendant had "failed to demonstrate that the District Court's reference to the *appellate* standard of review when deciding whether to resentence him [on *Crosby* remand] constituted reversible error" (emphasis in original) (citing *United States v. Ministro-Tapia,* 470 F.3d at 142)); *see also Rita v. United States,* 127 S.Ct. at 2469 (noting that, although district court's observation that sentencing range was not "inappropriate" did not correctly state "the legal standard for imposition of sentence," record as a whole demonstrated judge's understanding of applicable law). Accordingly, we reject the argument that a 57–month sentence was unreasonable.

The judgment of conviction is AFFIRMED.