> NONPRECEDENTIAL DISPOSITION
> To be cited only in accordance with
> Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 12, 2007
Decided December 20, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 07-1918

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | No. 06-CR-189-S-01 |
| DAVID L. FRANKLIN, *Defendant-Appellant.* | John C. Shabaz, *Judge.* |

**O R D E R**

David Franklin pleaded guilty to possessing with intent to distribute crack cocaine, *see* 21 U.S.C. § 841(a)(1), and because of his prior convictions and the amount of crack, the district court sentenced him to 295 months' imprisonment, *see id.* §§ 841(b)(1)(A), 851. On appeal Franklin argues that (1) this court's decision in *United States v. Miller*, 450 F.3d 270 (7th Cir. 2006), has created a *de facto* mandatory sentencing guidelines scheme, (2) his prison sentence is unconstitutional because aggravating factors that were neither proved beyond a reasonable doubt nor tried to a jury enhanced it, (3) his sentence is greater than necessary to comply with the purposes of federal sentencing and is thus unreasonable, and (4) the presumption of reasonableness given to a within-guidelines sentence conflicts with both the Sixth Amendment and 18 U.S.C. § 3553(a). First, Franklin misreads

*Miller*, which specifies that the guidelines are advisory, not mandatory. Next, because the guidelines are not mandatory, no constitutional problems arise from the district judge's factfinding at sentencing. Finally, as the Supreme Court made clear in *United States v. Booker*, 543 U.S. 220 (2005), and *Rita v. United States*, 127 S. Ct. 2456 (2007), district courts are required to consult the guidelines and the § 3553(a) factors when fashioning a sentence and, once the district court has done so, appellate courts are permitted to presume that a sentence with a properly calculated guidelines range is reasonable. Because the district court appropriately sentenced Franklin, we affirm.

## I. Background

Franklin and his associate, Gregory Williams, had been transporting several kilograms of powder cocaine at a time from Chicago, Illinois, to Madison, Wisconsin. Once the cocaine arrived in Madison, Franklin and Williams converted it into crack and sold it to customers. In September 2006 a confidential informant led detectives to Williams, and after his arrest Williams implicated Franklin. After obtaining a warrant, officers searched Franklin's home and vehicle, found both powder and crack cocaine, and arrested him.

In October 2006 Franklin was charged under § 841(a)(1), and two months later the government filed information under 21 U.S.C. § 851 that, no matter the drug quantity, would raise the statutory maximum prison term to 30 years or more because of Franklin's prior conviction for a felony drug offense. In January 2007 Franklin pleaded guilty. The probation officer estimated Franklin's relevant conduct at roughly 21,250 kilograms of marijuana equivalent, which would have resulted in a base offense level of 36 under the guideline for drug offenses. *See* U.S.S.G. § 2D1.1(c)(2) (2006). But Franklin also qualified as a career offender because of his prior convictions, so instead the probation officer recommended a base offense level of 37. *See* U.S.S.G. § 4B1.1(b)(A) (2006). The government moved for a three-level reduction for acceptance of responsibility, which reduced his total offense level to 34. Franklin's criminal history category was VI, yielding a guidelines imprisonment range of between 262 and 327 months.

At sentencing Franklin agreed that the guidelines range was properly calculated, but he requested a sentence of 240 months' imprisonment (the statutory minimum) on the grounds that (1) he was an older offender—49 years old at the time of sentencing—and would therefore be less likely to reoffend, (2) the goals of deterrence, retribution, and rehabilitation could be achieved by a sentence below the guidelines range, and (3) although his criminal history included battery and drug offenses, among others, he had not been imprisoned previously. The district court first rejected Franklin's assertion that his age favored a lower sentence because the first of Franklin's sixteen prior convictions occurred at age 31. The

court then concluded that a sentence in the middle of the guidelines range was "reasonable and necessary." The district judge specifically mentioned that a sentence in the middle of the range was

> absolutely required to keep this person incapacitated for as long as the law will reasonably allow and allow him to participate in rehabilitation, allow him to participate in substance abuse treatment if he wishes . . . [T]he sentence at the middle as previously stated is reasonable and necessary to hold him accountable for his serious conduct, it's to serve as a deterrent, it's to protect the community from further criminality on his part and to achieve parity with sentences of similarly situated defendants.

Franklin was sentenced to 295 months' imprisonment.

## II. Analysis

On appeal Franklin first argues that our decision in *Miller* "eviscerates *Booker* and reestablishes the status quo by merely inserting the word advisory before the words sentencing guidelines, creating a judicial fiction that the Constitution is respected, that the Supreme Court's holding in *Booker* is respected, and that constitutional guarantees under the Sixth and Fourteenth Amendments are respected." This argument is frivolous. In *Miller* we explained that, after calculating the relevant advisory guidelines range, a district judge has discretion to impose a sentence outside of the range, depending on the specific facts of the case. But we emphasized that district courts are not at liberty to disregard legislative choices and that differing sentences that are caused by legal rules, such as the existence of fast-track programs in some districts, cannot be said to create unwarranted disparities. *See id.* at 275-76. Franklin asserts that *Miller* holds "that all sentences within the guideline range are reasonable," but he simply misunderstands the opinion.

Franklin, citing the "'bright-line rule announced in *Apprendi*,'" next argues that his sentence is unconstitutional because it was enhanced by "aggravating factors" that were not proved beyond a reasonable doubt or found by a jury. This contention is equally frivolous. To the extent that Franklin alludes to his prior convictions, the holding of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), has never applied to prior convictions. *See Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998); *Julian v. Bartley*, 495 F.3d 487, 496-97 (7th Cir. 2007); *United States v. Glover*, 479 F.3d 511, 522 (7th Cir. 2007). As for the guidelines, they are advisory only, and so judicial factfinding at sentencing does not raise constitutional concerns. *See United States v. Wilson*, 502 F.3d 718, 721 (7th Cir. 2007); *United States v. White*, 443 F.3d 582, 592 (7th Cir. 2006).

Franklin also argues that the district court rejected his invocation of the "parsimony provision" of § 3553(a), which states that "[t]he court shall impose a sentence sufficient, but not greater than necessary," to comply with the goals of sentencing. We review sentences imposed by the district court for reasonableness. *See United States v. Dale*, 498 F.3d 604, 608 (7th Cir. 2007); *United States v. Jung*, 473 F.3d 837, 844-45 (7th Cir. 2007). A sentence that is reasonable is entirely consistent with the parsimony provision. *See United States v. Ministro-Tapia*, 470 F.3d 137, 141-42 (2d Cir. 2006). Here the district court focused primarily on the seriousness of this offense, the need to incapacitate Franklin, and its desire to protect the community from him. *See* 18 U.S.C. § 3553(a)(2)(A), (C). Franklin claims that his sentence is unreasonable because "it was not imposed as a result of the district court's assessment of the relevant factors and determination of the minimally adequate sentence," but the record belies this argument.

Franklin's final argument is that the presumption of reasonableness given to a within-guidelines sentence conflicts with both the Sixth Amendment and § 3553(a). The Supreme Court's decision in *Rita* forecloses this claim. Franklin filed his opening brief roughly two weeks before *Rita* was decided, but in his reply brief he did not acknowledge *Rita*. This was an error.

AFFIRMED.