UNITED STATES of America,
Appellee,

v.

Roberto DeJesus ROSARIO–VELOZ,
Defendant–Appellant.

No. 06–4812–cr.

United States Court of Appeals,
Second Circuit.

April 15, 2008.

Barry D. Leiwant (Darrell B. Fields, of counsel), Appeals Bureau, Federal Defenders of New York, Inc., New York, NY, for Defendant–Appellant.

Loyaan A. Egal, Assistant United States Attorney (Michael J. Garcia, United States

Attorney, on the brief; Celeste L. Koeleveld, Assistant United States Attorney, of Counsel), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, RICHARD C. WESLEY, Circuit Judges, P. KEVIN CASTEL, District Judge.*

### SUMMARY ORDER

Defendant-appellant Roberto DeJesus Rosario–Veloz pled guilty to one count of violating 8 U.S.C. § 1326(a) and (b)(2) by entering the United States unlawfully following his deportation after a conviction for an aggravated felony. Based on his offense of conviction and past criminal history, Rosario–Veloz faced a statutory maximum sentence of twenty years' imprisonment and a U.S. Sentencing Guidelines-recommended range of fifty-seven to seventy-one months' imprisonment. The District Court sentenced him principally to sixty months' imprisonment. He now appeals his sentence only. We assume the parties' familiarity with the facts and the procedural history of the case.

Rosario–Veloz challenges the sentence imposed upon him based upon the availability of lower sentences in "fast-track" districts. Specifically, he contends that the existence of "fast-track" programs in certain federal districts—though not the Southern District of New York—creates "unwarranted sentence disparities" among defendants convicted of the same crime in different districts, in violation of 18 U.S.C. § 3553(a)(6). He also contends that the District Court's refusal to consider these disparities when crafting an appropriate sentence violated the principle of parsimony set forth in § 3553(a) (requiring the

sentence imposed to be "sufficient, but not greater than necessary, to comply with the purposes set forth in [§ 3553(a)(2) ]").

Both of Rosario–Veloz's arguments are unavailing in light of the case law of our Circuit. *See, e.g., United States v. Hendry,* 522 F.3d 239 (2d Cir.2008). Rosario–Veloz's first claim is foreclosed by *United States v. Mejia,* 461 F.3d 158 (2d Cir.2006), where we concluded that a "district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable." *Id.* at 164. His second claim is foreclosed by *Hendry* and *United States v. Ministro–Tapia,* 470 F.3d 137(2d Cir.2006). As we observed in *Ministro–Tapia,*

> "[f]or us to hold that a sentence at the bottom of the Guidelines range is invalid under the parsimony clause, we will require a showing ... of the district court's belief that, after taking into account the Guidelines and the 'considered judgment' that they represent, a lower sentence would be equally effective in advancing the purposes set forth in § 3553(a)(2)."

*Id.* at 142 (citation omitted). Rosario–Veloz's parsimony argument also fails in light of our observation, in *Hendry,* that defendants in "fast-track" and "non-fast-track" jurisdictions are not "similarly situated," 522 F.3d at 242.

The record provides no indication that the District Court considered the sentence it imposed on Rosario–Veloz to be greater than necessary.

We therefore AFFIRM the judgment of the District Court.