**UNITED STATES of America,
Appellee,**

v.

**James RATTOBALLI, Defendant–
Appellant.**

**No. 06–5881–cr.**

United States Court of Appeals,
Second Circuit.

May 8, 2008.

Steve Zissou (Michael K. Bachrach, on the brief), Bayside, NY, for Appellant.

Kristen Limarzi (John J. Powers, III, Andrea Limmer, Rebecca Meiklejohn, Elizabeth Prewitt, on the brief), U.S. Department of Justice, Washington, D.C., for Appellee.

PRESENT: Hon. RALPH K. WINTER, Hon. PETER W. HALL, Circuit Judges, Hon. MARK R. KRAVITZ, District Judge.*

**SUMMARY ORDER**

James Rattoballi appeals from a judgment of conviction entered December 20, 2006, in the United States District Court for the Southern District of New York (Griesa, *J.*), following resentencing pursu-

ant to this Court's decision in *United States v. Rattoballi,* 452 F.3d 127 (2d Cir. 2006) ("*Rattoballi I*"). Rattoballi pleaded guilty to two counts: (1) conspiracy to rig bids in violation of 15 U.S.C. § 1; and (2) conspiracy to commit mail fraud in violation of 18 U.S.C. § 371. Originally, he was sentenced to one year of home confinement and five years' probation and was ordered to pay $155,000 in restitution. *Rattoballi I,* 452 F.3d at 128. This Court held that Rattoballi's sentence was unreasonable and remanded the case to the district court for resentencing. *Id.* at 128–29. On remand, the district court sentenced Rattoballi to eighteen months' imprisonment and two years' supervised release. We assume the parties' familiarity with the facts and procedural history of the case.

Rattoballi argues that his present sentence is unreasonable for two reasons. First, he contends that it violates the parsimony clause of 18 U.S.C. § 3553(a) because it is "greater than necessary" to serve the purposes of sentencing. Second, he asserts that the district court erroneously read this Court's decision in *Rattoballi I* to require it to impose a term of imprisonment. As to the first argument, Rattoballi proffers no evidence that the district court concluded that the original noncustodial sentence it imposed would be equally effective to serve the purposes of sentencing as the eighteen-month sentence it later imposed upon resentencing.[1] We have said that "if a district court were explicitly to conclude that two sentences equally served the statutory purpose of § 3553, it could not, consistent with the parsimony clause, impose the higher."

---

\* The Honorable Mark R. Kravitz, United States District Court Judge for the District of Connecticut, sitting by designation.

1. Although Judge Griesa did state that he had "no regrets" about the "very substantial break" that he gave Rattoballi in the original sentencing, we do not read this statement as concluding that the original sentence would have been equally effective to serve the purposes of sentencing.

*United States v. Ministro–Tapia,* 470 F.3d 137, 142 (2d Cir.2006). As in *Ministro–Tapia,* there has been no showing here that the district court viewed the two sentences as equally effective to serve the purposes of § 3553, and thus, Rattoballi's parsimony clause argument fails.

Rattoballi's second argument is that his sentence is unreasonable because the district court erroneously interpreted this Court's decision in *Rattoballi I* to require the district court to impose a term of imprisonment. Although the district court stated that "I think it is virtually impossible to comply with the Court of Appeals opinion without a prison sentence," in imposing the sentence, the district court concluded:

> I am not simply blindly following some dictate of the Court of Appeals.... But my point is not only do I feel bound to impose a prison sentence ... I am now persuaded in my own mind as a matter of my own discretion that such a thing is right.

It is clear that the district court reconsidered its earlier sentence and decided that a sentence of imprisonment would be appropriate. There was no error in its exercise of discretion to impose an eighteen-month sentence.

We have considered all of Rattoballi's other arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.