**UNITED STATES of America, Appellee,**

v.

**Maurice CAMPBELL, Defendant–Appellant.**

No. 07–1098–cr.

United States Court of Appeals, Second Circuit.

May 15, 2008.

Mark D. Hosken, Federal Public Defender's Office (Jay S. Ovsiovitch, of counsel), Rochester, NY, for Appellant.

Terrance P. Flynn, U.S. Attorney for the Western District of New York (Joseph J. Karaszewski, Assistant United States Attorney, of counsel), Buffalo, NY, for Appellee.

PRESENT: Hon. PETER W. HALL, Hon. DEBRA A. LIVINGSTON, Circuit Judges, Hon. LOUIS F. OBERDORFER, District Judge.*

### SUMMARY ORDER

Maurice Campbell appeals from a judgment of conviction entered March 14, 2007, in the United States District Court for the Western District of New York (Larimer, *J.*), following Campbell's guilty plea. Campbell pleaded guilty to three counts: (1) possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); (2) possession of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1); and (3) being a felon in possession of a firearm in violation of 18

---

* The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

U.S.C. §§ 922(g)(1) and 924(a)(2). He was sentenced principally to 93 months' imprisonment: two terms of 33 months for Counts I and III to run concurrently, and 60 months for Count II based on the statutory minimum provided in 18 U.S.C. § 924(c)(1) to be served consecutively to the 33 months. We assume the parties' familiarity with the facts and procedural history of the case.

■ Campbell argues that his sentence is unreasonable because it violates the parsimony clause of 18 U.S.C. § 3553(a). The parsimony clause provides that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." 18 U.S.C. § 3553(a). Campbell asserts that the goals of sentencing would still be met if the district court had imposed a shorter sentence on Counts I and III, and emphasizes that he is young and that, prior to this sentence, he had never served more than 18 months in prison.

We review sentences for reasonableness, which is the "familiar abuse-of-discretion standard of review." *Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). "For us to hold that a sentence at the bottom of the Guidelines range is invalid under the parsimony clause, we will require a showing ... of the district court's belief that, after taking into account the Guidelines and the considered judgment that they represent, a lower sentence would be equally effective in advancing the purposes set forth in § 3553(a)(2)." *United States v. Ministro–Tapia*, 470 F.3d 137, 142 (2d Cir.2006) (citations and internal quotation marks omitted). There is no indication in this case that the district court had any belief that the lower sentence that Campbell proposed would be equally effective to advance the purposes of sentencing. Camp-

bell's parsimony clause argument is, therefore, unavailing as is his claim that his sentence is unreasonable.

■ We conclude, however, that this case should be remanded pursuant to our decision in *United States v. Regalado*, No. 05–5739–cr, —— F.3d ——, 2008 WL 2001967, at *4 (2d Cir. May 9, 2008). In *Regalado*, this Court set forth a remand procedure for cases to be sent back to the district court to consider, after the Supreme Court's decision in *Kimbrough v. United States*, —— U.S. ——, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), whether it would have imposed a different sentence had it been aware of its discretion to deviate from the crack cocaine ranges. We explained:

> Where a defendant has not preserved the argument that the sentencing range for the crack cocaine offense fails to serve the objectives of sentencing under § 3553(a), we will remand to give the district court an opportunity to indicate whether it would have imposed a non-Guidelines sentence knowing that it had discretion to deviate from the Guidelines to serve those objectives. If so, the court should vacate the original sentence and resentence the defendant. If not, the court should state on the record that it is declining to resentence, and it should provide an appropriate explanation for this decision.

*Regalado*, 2008 WL 2001967, at *4. Here, had the district court known of its discretion to deviate from the Guidelines in applying the sentence on Count I, it may have imposed a different sentence. We leave that determination to the district court in the first instance. We have considered all of Campbell's other arguments and find them to be without merit.

For the reasons stated above, the judgment of conviction is AFFIRMED and the case is REMANDED pursuant to *United*

*States v. Regalado,* No. 05–5739–cr, ——
F.3d ——, 2008 WL 2001967 (2d Cir. May
9, 2008).