16-2725
*United States v. Radik Fakhretdinov*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 12th day of December, two thousand eighteen.

Present:   ROBERT A. KATZMANN,
                     *Chief Judge*,
           AMALYA L. KEARSE,
                     *Circuit Judge*,
           J. PAUL OETKEN,
                     *District Judge*.*

_____

UNITED STATES OF AMERICA,

                         *Appellee*,

            v.                                        No. 16-2725

RADIK FAKHRETDINOV,

                         *Defendant-Appellant*.

_____

For Appellee:                    Jordan Estes, Matthew Podolsky, Daniel B. Tehrani,
                                 Assistant United States Attorneys, *for* Geoffrey S. Berman,
                                 United States Attorney for the Southern District of New
                                 York, New York, NY.

For Defendant-Appellant:         Susan C. Wolfe, New York, NY.

*Judge J. Paul Oetken, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of conviction of the United States District Court for the Southern District of New York (Woods, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Radik Fakhretdinov appeals from a judgment of conviction entered on July 28, 2016 by the United States District Court for the Southern District of New York (Woods, *J.*) sentencing him to twelve months and one day imprisonment. On January 24, 2018, this Court remanded Fakhretdinov's appeal to the district court pursuant to *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), so that the district court could determine whether it "would have sentenced Appellant to a lesser term of imprisonment if defense counsel had properly informed [the district court] of the immigration consequences of a term of imprisonment of a year or more." Supp. App. 12. This Court's Order also provided that, if either party wished to appeal the district court's determination, "either party may restore the matter to the active docket of this Court by letter without filing a further notice of appeal." Supp. App. 13. On April 6, 2018, the district court declined to impose a shorter term of imprisonment. Supp. App. 52-53. Thereafter, Fakhretdinov restored his appeal.

Fakhretdinov argues that his sentence was procedurally unreasonable because it does not comport with the "parsimony clause" of 18 U.S.C. § 3553(a), which requires that a sentence be "sufficient, but not greater than necessary." We have held that "to hold that a sentence at the bottom of the Guidelines range is invalid under the parsimony clause" will require a clear showing that the district court could have imposed a lower sentence that would have been equally effective. *United States v. Ministro-Tapia,* 470 F.3d 137, 142 (2d Cir. 2006). Fakhretdinov contends that, despite being below the guidelines range of 15 to 21 months imprisonment, his sentence violated the parsimony clause and was thus procedurally unreasonable because the district court "did not articulate a sufficient reason for choosing a

2

sentence one day above the [mandatory removal] line rather than one day below it." Appellant's Supp. Br. 19.

Fakhretdinov's sentence is not procedurally unreasonable. In reviewing a sentence for reasonableness, we apply a deferential abuse-of-discretion standard of review. *See Gall v. United States*, 552 U.S. 38, 46 (2007). At Fakhretdinov's initial sentencing hearing held on July 27, 2016, the district court expressly applied the parsimony clause, noting that the imposed sentence was "sufficient but not greater than necessary to comply with the purposes of sentencing." App. 89. At the supplemental sentencing hearing, the district court reiterated the evaluation of the § 3553(a) factors and found that more complete arguments with respect to the immigration consequences of such a sentence would not have led the court to impose a shorter term of imprisonment in order to spare Fakhretdinov from removal. In fact, the district court noted that had the consequences of the imposed term of imprisonment not included "immediate[] deport[ation]" the district court "might have imposed a longer sentence." Supp App. 43. Thus, the district court found that a lower sentence would not have been equally effective.

For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3