*United States v. Nicholson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of November, two thousand nineteen.

PRESENT:  ROBERT D. SACK,
          PETER W. HALL,
          JOSEPH F. BIANCO,
                    *Circuit Judges*.

_____

United States of America,

      *Appellee*,

      v.                                18-2807

James Nicholson,

      *Defendant-Appellant*.

_____

For Appellant:                          Lisa A. Peebles, Federal Public Defender, James P. Egan, Assistant Federal Public Defender, Federal Public Defender's Office, Syracuse, New York.

For Appellee:                           Paul D. Silver, Assistant United States Attorney *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Scullin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

James Nicholson appeals from a judgment of the United States District Court for the Northern District of New York (Scullin, *J.*) entered on September 12, 2018, revoking his supervised release and sentencing him to a statutory maximum of 24 months' imprisonment. We assume the parties' familiarity with the underlying facts, the record of prior proceedings, and arguments on appeal, which we reference only as necessary to explain our decision to affirm.

I.

Defendant-Appellant James Nicholson pleaded guilty to five counts of

2

bank robbery in violation of 18 U.S.C. § 2113(a) and was sentenced to 57 months' imprisonment and three years' supervised release. Nicholson was initially released on supervision in October 2016, but after violating his supervised release by, *inter alia*, failing to notify his probation officer of an address change, failing to report for drug testing, and testing positive for cocaine, his supervision was modified, and he was directed to spend three months in a residential reentry center ("RRC"). In February 2018, the Probation Office filed a revocation petition further alleging, in addition to the charges presented in the initial modification request, that Nicholson violated supervision by using synthetic marijuana, by being unaccountable on several occasions while residing at the RRC, and by failing to make required monthly contributions toward financial obligations. That petition was later amended to include allegations that Nicholson was found in possession of synthetic marijuana and that he violated RRC rules, including by possessing rolling papers and smoking cigarettes in the facility.

At a revocation hearing in March 2018, Nicholson admitted to the violations in the amended revocation petition. Instead of imposing a guideline sentence of imprisonment, the district court placed Nicholson in a High Impact Intervention

Program ("HIIP") at Jamesville Correctional Facility and adjourned sentencing. Nicholson was released from the HIIP program in mid-April 2018 and was ordered to report to out-patient substance abuse treatment.

The district court set sentencing for September 2018. At sentencing, the court noted that Nicholson continued to violate the conditions of his supervised release and continued to use drugs. Nicholson acknowledged this but asked the court to view his violations in context, which included a work injury and difficult family circumstances (which Nicholson describes as addictive triggers). Nicholson's counsel advocated for four months' imprisonment with additional supervision in order to best support his recovery; the Government agreed that Nicholson's sentence should be a term of imprisonment with supervision to follow.

The district court instead sentenced Nicholson to 24 months' imprisonment with no supervision to follow. In imposing this above-guideline sentence, the district court wrote that the "sentence, which is above the guideline range, is imposed to reflect the offender's lack of motivation and disregard for the directives of this Court, post plea, despite the numerous attempts by the Probation Office to work with him and the many resources utilized without

4

success." App. 92. At the sentencing hearing, the court explained that "[w]e're not going to waste our time and money and effort on people who won't try to help themselves . . . . Supervised release does nothing for [Nicholson] but drain the resources of our probation department . . . ." App. 87.

Nicholson challenges his sentence on procedural and substantive unreasonableness grounds. He argues that (1) the district court did not account for his drug dependency in fashioning his sentence and (2) the district court failed to consider alternative sentences other than the statutory maximum, which was "greater than necessary" to comply with the factors under 18 U.S.C. § 3553(a).

## II.

We review sentences for reasonableness, which amounts to a review for abuse of discretion. *See United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008) (en banc). This same standard applies to sentences that have been imposed following the revocation of supervised release. *See United States v. Fleming*, 397 F.3d 95, 99 (2d Cir. 2005).

5

III.

"A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Singh*, 877 F.3d 107, 115 (2d Cir. 2017) (citation omitted). 18 U.S.C. § 3583(e) makes the § 3553(a) factors relevant to the supervised release context and in fashioning a sentence resulting from the revocation of supervised release, a judge is required to consider most of the factors listed in 18 U.S.C. § 3553(a), including applicable policy statements. 18 U.S.C.§ 3583(e); *Fleming*, 397 F.3d at 97-98. We take a deferential approach to the meaning of "consider" in § 3583(e), "and refrain from imposing any rigorous requirement of specific articulation by the sentencing judge." *Fleming*, 397 F.3d at 99.

Nicholson first argues that the § 3553(a) factors include a policy statement that directs courts to focus on sanctioning a defendant's breach of trust, *see* U.S.S.G. ch. 7, pt. A, introductory cmt. 3(b), and this, in turn, inherently includes an inquiry into why a defendant violated a condition of release. Nicholson argues that

6

because the district court did not engage in this inquiry and did not impose a sentence that addressed those reasons, the sentence is unreasonable.

Under either an abuse of discretion or plain error standard, Nicholson's argument fails. First, Nicholson does not cite any case law for the proposition that a sentencing judge is required to state on the record explicitly that it has analyzed the reason for a defendant's supervised release violation and has fashioned the sentence to account for it. Second, at sentencing, the judge indicated that he was fully aware of Nicholson's addiction and the role it played in his violations. It is also obvious from the district court's comments at sentencing that it fashioned a sentence that accounted for Nicholson's addiction by sentencing Nicholson to a term of imprisonment for the precise reason that further efforts by Probation would not be helpful in addressing his addiction. On this record, we cannot say that the district court abused its discretion in the way it took into account Nicholson's addiction in imposing Nicholson's term of imprisonment.

Nicholson also argues that the district court failed to comply with the parsimony clause in § 3553(a), pursuant to which courts must impose "a sentence sufficient, but not greater than necessary, to comply with the purposes" of

7

sentencing.    A district court must "adequately . . . explain its chosen sentence, and must include an explanation for any deviation from the Guidelines range." *Cavera*, 550 F.3d at 190 (internal quotation marks and citation omitted).    In the judgment revoking supervised release, as noted above, the district court explained its deviation from the guidelines range, writing that "[t]he sentence, which is above the guideline range, is imposed to reflect the offender's lack of motivation and disregard for the directives of the Court, post plea, despite the numerous attempts by the Probation Office to work with him and the many resources utilized without success."    App. 92.

"[W]here, as in this case, the defendant never argued the parsimony clause in the district court, we do not assume from the court's failure specifically to reference that clause that the court has ignored its mandate.    To the contrary, absent record proof showing otherwise, we assume the district court's awareness of and compliance with this statutory sentencing obligation."    *United States v. Ministro-Tapia*, 470 F.3d 137, 141 (2d Cir. 2006) (citation omitted).    Here, there is no evidence in the record that the sentencing judge did not consider the statutory directive of the parsimony clause.    Absent such record proof, we will not hold that the district court abused its discretion.

\* \* \*

We have considered Nicholson's remaining arguments and find them to be

without merit.   We hereby **AFFIRM** the judgment of the district court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court