22-1708-cr
United States v. Pugh

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25ᵗʰ day of March, two thousand twenty-four.

PRESENT: RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
*Circuit Judges*,
LEWIS J. LIMAN,
*District Judge*.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                No. 22-1708-cr

TAIROD NATHAN WEBSTER
PUGH,

*Defendant-Appellant*.

------------------------------------------------------------------

---

\* Judge Lewis J. Liman, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLEE: LORENA MICHELEN, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, *on the brief*), *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY

FOR DEFENDANT-APPELLANT: SUSAN G. KELLMAN, Law Offices of Susan G. Kellman, Brooklyn, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-Appellant Tairod Nathan Webster Pugh appeals from an August 3, 2022 judgment of the United States District Court for the Eastern District of New York (Garaufis, *J.*) convicting him, after a jury trial, of attempting to provide material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B(a)(1) (Count One), and obstructing and attempting to obstruct an official proceeding, in violation of 18 U.S.C. §§ 1512(c)(1) and (c)(2) (Count Two). This is Pugh's second appeal. In his first appeal, we affirmed the judgment of

conviction, but vacated and remanded for resentencing, instructing the District Court to state in open court its reasons for imposing a 420-month sentence. *United States v. Pugh*, 945 F.3d 9, 15, 28 (2d Cir. 2019) ("*Pugh I*"). On remand, the District Court sentenced Pugh principally to 180 months' imprisonment on Count One, and 60 months' imprisonment on Count Two, to be served consecutively. On appeal, Pugh challenges his new 240-month sentence as procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Where, as here, a defendant fails to raise a procedural challenge at the time of sentencing, we review such a challenge for plain error.[1] *United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008). "A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States*

---

[1] Pugh contends that the standard of review is abuse of discretion rather than plain error under the circumstances of his case. Although we think that plain error applies, Pugh's procedural challenge would fail under either standard.

*v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) (quotation marks omitted). "[W]hen a defendant has been convicted of multiple counts, the sentencing judge should set forth why a sentence equal to the statutory maximum on one count will not produce a sufficient sentence within the meaning of 18 U.S.C. § 3553(a)." *Pugh I*, 945 F.3d at 27.

Pugh argues that the District Court again failed adequately to explain "why a sentence equal to the statutory maximum on [Count One] [would] not produce a sufficient sentence within the meaning of 18 U.S.C. § 3553(a)." Appellant's Br. 21 (quotation marks omitted). We are not persuaded.

First, the District Court considered all of the § 3553(a) factors, noting that "the nature and circumstances of [Pugh's] offense [were] significant," App'x 414, and that his sentence needed to "reflect the seriousness of the offenses, promote respect for the law, and provide just punishment," App'x 415. The District Court explained that the conduct underlying Count Two was "truly a separate circumstance that must be taken extremely seriously," App'x 417, and that Pugh's sentences "must run consecutively" both "because the statutory maximum on Count One does not produce a sufficient sentence" and "because the idea that one can hide the activity that he was engaged in[,] which ran afoul

4

of the law in Count One[,] by destroying evidence that would be used against him sends a message that is not acceptable," App'x 420; *cf. United States v. Ministro-Tapia*, 470 F.3d 137, 142 (2d Cir. 2006) ("[I]f a district court were explicitly to conclude that two sentences equally served the statutory purpose of § 3553, it could not . . . impose the higher."). The District Court's sentence on remand thus appears to comport with our earlier instructions in *Pugh I*. We therefore reject Pugh's procedural challenge.

We conclude that Pugh's sentence was also substantively reasonable. "[O]ur review of a sentence for substantive reasonableness is particularly deferential, and we will set aside only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (quotation marks omitted).

Pugh argues that his sentence is substantively unreasonable "because the reasons offered by the district court to justify going beyond the statutory maximum on Count 1 to impose a consecutive 5-year sentence on Count 2 cannot bear the weight assigned to them by the district court." Appellant's Br. 23. Again, we disagree. "[T]he weight given to any single factor is a matter firmly

committed to the discretion of the sentencing judge and is beyond our review."

*United States v. Capanelli*, 479 F.3d 163, 165 (2d Cir. 2007) (quotation marks

omitted).

Pugh separately insists that his sentence in any event cannot be located

within the range of permissible decisions.  The District Court determined that the

applicable Guidelines range for Pugh's offense was 360 to 420 months; it

ultimately imposed a sentence of 240 months' imprisonment.  Pugh's sentence

thus represented a 120-month downward variance from the low end of the

applicable Guidelines range.  In imposing sentence, the District Court found that

Pugh, a forty-six-year-old Air Force veteran when the crimes took place, sought

to "embrace, assist and advance the objectives of a homicidal terrorist

organization that is responsible for thousands of deaths," and, when interdicted,

"attempt[ed] to destroy evidence" of his efforts.  App'x at 416–17.  Even after he

was convicted, the District Court found, Pugh "demonstrated [no] remorse or

regret for what he did."  App'x 418.  We conclude that Pugh's sentence was

reasonable given the "totality of the circumstances."  *United States v. Cavera*, 550

F.3d 180, 190 (2d Cir. 2008) (en banc).

We have considered Pugh's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court