09-4641-cr
United States v. Reynaldo De La Cruz

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on 21ˢᵗ the day of October, two thousand ten.

Present: AMALYA L. KEARSE,
ROSEMARY S. POOLER,
PETER W. HALL,
   *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

              *Appellee*,

   -v-            (09-4641-cr)

REYNALDO DE LA CRUZ, also known as Nelson Luis Perez,

          *Defendant-Appellant*.

_____

Appearing for Appellee:    Preet Bharara, United States Attorney for the Southern District of New York, (Peter M. Skinner, Katherine Polk Failla, Assistant United States Attorneys, *of counsel*), New York, N.Y.

Appearing for Appellant:   Edward S. Zas, Federal Defenders of New York, Inc. Appeals Bureau, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Scheindlin, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Reynaldo De La Cruz pleaded guilty to one count of illegal re-entry into the United States following deportation subsequent to a conviction for an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(2). On November 2, 2009, Judge Scheindlin of the Southern District of New York sentenced Appellant to fifty-seven months in prison to be served concurrently with an undischarged state term, followed by three years of supervised release, and a special assessment of one hundred dollars. Defendant-Appellant now appeals. On appeal, Appellant asserts the sentence imposed was procedurally unreasonable because the district court erred in (1) stating that a guidelines sentence "by definition" cannot create an unwarranted sentencing disparity and (2) stating the guidelines produced a "reasonable" sentence thus applying the appellate standard of review instead of following the parsimony clause of 18 U.S.C. § 3553(a), which directs district courts to impose a sentence that is "sufficient, but not greater than necessary." We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The standard of review for sentencing decisions is one of "reasonableness." *United States v. Booker*, 543 U.S. 220, 260-62 (2005). Reasonableness review is akin to a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 52 (2007).[1] Review to determine whether a sentence is "reasonable" involves both "an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness)." *United States v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009). Procedural error occurs, for example, in situations where the district court miscalculates the Guidelines; treats them as mandatory; does not adequately explain the sentence imposed; does not properly consider the § 3553(a) factors; or deviates from the Guidelines without explanation. *See id.* If procedural error occurs, but is deemed harmless, then the sentence can still be considered reasonable. *See United States v. Williams*, 524 F.3d 209, 214 (2d Cir. 2008).

Appellant, who makes no challenge as to substantive reasonableness, first argues that the district court erred in asserting that a Guidelines sentence "by definition" cannot create an unwarranted sentencing disparity, thus committing a legal error which resulted in instituting a procedurally unreasonable sentence. Specifically, Appellant takes issue with a statement uttered by the district judge just before announcing the sentencing decision, stating in relevant part:

> "The next factor is the Court has to avoid unwarranted sentencing disparity. I would have to say a Guidelines sentence by definition really can't create unwarranted sentencing disparity."

Appellant raises two separate objections: (1) sentencing a defendant within a correctly

---

[1] Appellee argues that our review should be for plain error because counsel did not object to the procedural reasonableness of the sentence during the district court proceeding. Appellant, however, raised the arguments in his submissions to the district court, and the district court addressed them briefly during sentencing. Regardless, because Appellant fails under even the less deferential standard of review, Appellee's argument is unnecessary.

calculated Guidelines range can, and sometimes does, create an unwarranted sentencing disparity and (2) unwarranted disparity is created because lower sentences are imposed in districts having fast-track sentencing programs.[2]

To impose a procedurally reasonable sentence, district courts must "(1) normally determine the applicable Guidelines range, (2) consider the Guidelines along with the other factors under § 3553(a), and (3) determine whether to impose a Guidelines sentence or a non-Guidelines sentence." *United States v. Villafuerte*, 502 F.3d 204, 206-07 (2d Cir. 2007); *accord Gall*, 552 U.S. at 53. There is no dispute that the district court judge correctly determined the Guidelines range. It is the second step, the consideration of the § 3553(a) factors, specifically of § 3553(a)(6), that is at issue.

Appellant is correct insofar as he asserts that a Guidelines sentence can create an unwarranted disparity, a proposition supported by the Supreme Court's decision in *Kimbrough v. United States*, 552 U.S. 85, 91 (2007) (holding that a "judge may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses" in deciding upon a sentence). However, the district court judge's sentencing decision did not in any way depend on the statement that a Guidelines sentence was "by definition" reasonable. Instead, the record indicates the district judge addressed each of the six applicable enumerated factors of § 3553(a) in turn, including "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" under § 3553(a)(6). Thus, the district court determined the length of the sentence correctly, considered the § 3553(a) factors, and decided to impose the lowest sentence within the applicable Guidelines range. While *Kimbrough* supports Appellant's contention that a Guidelines sentence may create an unwarranted sentencing disparity, and the district court's admittedly broad statement is inaccurate after *Kimbrough*, the district judge's "legal error" was harmless.

Remand is, however, warranted in cases where the district court misunderstood the extent of its own authority in imposing a sentence. *See*, *e.g.*, *United States v. Sanchez*, 517 F.3d 651, 665 (2d Cir. 2008). Here, although the district court's thorough analysis indicates otherwise, the district judge's remark could be tenuously interpreted as misunderstanding her own authority. Even assuming the remark indicated as much, "[d]espite a sentencing court's misapprehension of its authority, we will not remand where 'the record indicates clearly that the district court would have imposed the same sentence had it had an accurate understanding of its authority.'" *United States v. Malki*, 609 F.3d 503, 511 (2d Cir. 2010) (alterations removed and citations omitted) (finding error was not harmless where district judge miscalculated the applicable Guidelines range). It is clear in this case that the court looked to all the requisite factors and determined the sentence accordingly, nowhere indicating it believed it was constrained in doing so. Any error that occurred in the process was harmless. *See United States v. Elfgeeh*, 515 F.3d 100, 133 (2d Cir. 2008).

---

[2] Fast-track sentencing programs allow a federal prosecutor to offer a below-Guidelines sentence in exchange for a guilty plea and waiver of certain rights. New York districts have not adopted fast-track sentencing programs. *See United States v. Hendry*, 522 F.3d 239, 240 n.1 (2d Cir. 2008).

With respect to Appellant's second objection to the district court's unwarranted disparity discussion, he urges this Court to consider the availability of lower fast-track sentencing programs in determining whether they create an "unwarranted disparity" with his Guidelines sentence. The question of whether a district court can, in its discretion, impose a non-Guidelines sentence on the basis of the fast-track sentencing disparity, remains an open question in the Second Circuit. *See United States v. Liriano-Blanco*, 510 F.3d 168, 172 (2d Cir. 2007). Irrespective of how that question is answered, appellate courts cannot mandate a district court to consider a particular factor when they decline to do so. Rather, we review the factors that the district chooses, in its sound discretion, to consider. *See United States v. Hendry*, 522 F.3d 239, 241 (2d Cir. 2008) (per curiam) (noting that "the absence of a fast-track program does not *require* the court to adjust the sentence") (emphasis in original). In this case, it was well within the district court's discretion to not take into account the differences with a fast-track sentencing district. Accordingly, the district court's decision to not consider the potential disparities with fast-track sentencing districts did not render its sentence procedurally unreasonable.

Appellant's second argument on appeal is similarly without merit. He contends that the district court erred by applying the appellate standard of reasonableness review rather than the parsimony command of § 3553(a) which states "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." 18 U.S.C. § 3553(a).

While district courts are subject to the parsimony clause, "to hold that a sentence at the bottom of the Guidelines range is invalid under the parsimony clause" will require a clear showing that the district court could have imposed a lower sentence that would have been equally effective. *United States v. Ministro-Tapia*, 470 F.3d 137, 142 (2d Cir. 2006). Moreover, we have held that a district court's reference to the appellate standard of reasonableness review will not automatically create reversible error. *United States v. Williams*, 475 F.3d 468, 477 (2d Cir. 2007). While *Williams* and *Ministro-Tapia* based their decision that a sentence was procedurally reasonable where a district court did not mention the parsimony clause in part due to counsel's failure to brief the court on the requirements of the clause, the cases stand for a broader proposition. *See id.*; *see also Ministro-Tapia*, 470 F.3d 137 at 141-42. Indeed, *Williams* holds that where there is "no indication that the District Court actually failed to consider the requirements of the parsimony clause" the presumption is that it has. 475 F.3d at 477. Moreover, the argument has little strength in a case like this one, where the district court specifically addressed the requirement of the parsimony clause, stating that: "this sentence is sufficient but not greater than necessary to satisfy all of the goals of sentencing." The district court then went on to consider the other factors under § 3553(a), and sentenced Appellant to the lowest sentence recommended by the Guidelines. It is clear that the district court's reference to "reasonableness" did not result in a procedurally unreasonable sentence.

Appellant also seems to argue that the parsimony clause requires courts to consider the lower sentences available in fast-track sentencing jurisdictions. Our decision in *United States v. Mejia*, 461 F.3d 158, 162-64 (2d Cir. 2006) (Jacobs, *J.*) foreclosed such an argument when it rejected the "false equivalence" between defendants in a fast-track jurisdiction--who exchange a benefit (in the form of a reduced sentence) for a detriment (the waiver of certain rights)--and defendants in non-fast-track sentencing districts. *See Hendry*, 522 F.3d at 242 (noting that *Mejia* foreclosed such an argument under the parsimony clause). Given that the respective defendants

4

are not similarly situated, and their sentences are not directly comparable, the district court below adequately carried out the directive of the parsimony clause. Thus, the sentence imposed by the district court was established in a procedurally reasonable manner.

We have considered all of Appellant's contentions and have found them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk